FILED
SEP 2 3 2005
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

Donald G. Jackman, Jr.#06804068            )
Federal Correctional Institution, Mckean   )
P.O. Box  8000                             )
Bradford, Pa.    16701                     )
                        Plaintiff,         )
                                           )
         v.                                )   CASE NUMBER  1:05CV01889
                                           )
                                           )   JUDGE: Henry H. Kennedy
Department of Justice                      )
Bureau of Alcohol,Tobacco,Firearms         )
and Explosives                             )   DECK TYPE: FOIA/Privacy Act
Washington, D.C.   20530                   )
                        Defendants.        )   DATE STAMP: 09/23/2005

## COMPLAINT

   This complaint is filed against the Bureau Of Alcohol, Tobacco, Firearms and Explosives (ATF) for failure to supply requested information per valid Freedom Of Information Act Request. The information requested was for Statutory required information per Title 26 USC § 5845(f) under 27 CFR 179.24 determination of destructive device. The determination was sent in the original discovery materials except the copy was made so dark as to render it useless and unable to make useful copies for supporting evidence in ongoing litigation. This exculpatory evidence was not utilized by court appointed counsel and has been sought for what is almost 3 years now.

### RELIEF REQUESTED BY THE COURT

1.   That the information requested in the original FOIA to the ATF be ordered by this court to include but not be limited to the  following:

a.   The determination request for determination of three submitted devices (alleged destructive devices [firecrackers]) submitted by Special Agent Joseph C. Lund, Sr.

RECEIVED
SEP - 6 2005
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

(1)

1

b.   That the information requested "**NOT**" be from the following agents who were part of the investigation; SA Louis J. Weiers, SA Jason P. Wick, or Katherine M. Klontz who submitted reports and information not delegated to them by statute or regulation and were not consistent with the determination made by the Secretary of the ATF per Mr. Jackman's request for a determination and being the same with the response received by SA Lund on his request the copy being made too dark as to render it useless. (withholding of exculpatory evidence) Case reference number for the foregoing is:766050990029.(March/April 2000)

c.   That the determination be that sent to SA Lund by the designate of the Secratary of the ATF that determined none of the devices to be destructive devices which would be consistent with the determination made per Mr. Jackman's request.

2.   That the court order this information to be sent unedited, that any privacy concerns by the ATF have been negated by previously sent unedited documentation which contains all the names of persons/agents/informants involved with the case.

3.   That in the event that the ATF is not forthcoming with the requested documentation trial by jury is requested in this matter.

a.   Damages will be sought in the some of 10 Million dollars for the withholding of excupatory evidence and prosecution when evidence existed showing no State or Federal laws had been broken.

b.   That the jury selection process not be one that allows the prosecution to eliminate all NRA Members (National Rifle Association) or others not considered favorable to the prosecution and a selection process that takes more than a little over an hour.

4.   That in the event jury trial is not favored by this court that an evidentiary hearing be held to determine the merits of the case and proceedings held consistent with those findings.

5. That this request for the FOIA information and possible trial **"NOT"** in any way be construed as a collateral attack on the sentences imposed as a result of the actions by the agents/persons involved, which resulted in imprisonment. That this matter is purely for the information requested or just compensation for its denial in the form of 10,000,000$^{oo}$ Dollars.

## CONCLUSION

In conclusion it is asked that this Honorable Court grant in whole or in part the requests of this complaint which is actionable under anyone of the following:42 USC §§ 1981,82,83,85(3),88 or 28 USC § 591-599, a Bivins Claim 403 U.S.388(1971), or 18 USC § 241 & 242 and any number of State and Federal Constitutional Rights issues.

This is not a matter wished or agreed to, to be adjudicated before a magistrate judge. If more information is requested by this Honorable Court it will be promptly sent upon request. The information requested is not exempt for privacy reasons and is required for a proper prosecution and Constitutional requirements of discovery right to confrontation. It is asked that the Court Honor the foregoing and grant the relief requested. Thank you.

Respectfully submitted,

_Donald G. Jackman, Jr._
Donald G. Jackman, Jr.

(3)