UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| Donald G. Jackman, Jr. | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 05-1889 HHK |
| | ) | |
| U.S. Department of Justice, | ) | |
| Bureau of Alcohol, Tobacco, Firearms | ) | |
| and Explosives, | ) | |
| | ) | |
| Defendant | ) | |
| | ) | |

DECLARATION OF PETER J. CHISHOLM,
ACTING CHIEF, DISCLOSURE DIVISION,
BUREAU OF ALCOHOL, TOBACCO, FIREARMS AND EXPLOSIVES

I, Peter J. Chisholm, do hereby depose and say:

1.       I am the Acting Chief, Disclosure Division, Bureau of Alcohol, Tobacco, Firearms

and Explosives (ATF), Department of Justice (DOJ). In this capacity, I receive all requests made

of ATF under the Freedom of Information Act (FOIA), 5 U.S.C. §552, and the Privacy Act of

1974 (PA), 5 U.S.C. §552a. In this capacity, I also review all requests referred to ATF from

other agencies that have located ATF-originated documents in their records while processing

their FOIA and PA requests. I am responsible for processing all FOIA and PA requests,

initiating searches relevant to such requests, supervising the determination of what records

should be disclosed, processing all documents referred to ATF and to other agencies, and

recording all administrative appeals filed with ATF.

2.      I declare that the statements made in this declaration are on the basis of knowledge

acquired by me in the performance of my official duties.  I am familiar with the procedures

followed by this office in responding to the FOIA request made by Mr. Donald Jackman.  ATF

believes it properly denied portions of Mr. Jackman's request under FOIA Exemption (b)(7)(C).

### Chronology

3.      On December 14, 2004, the Disclosure Division received by mail a letter dated

December 6, 2004, containing Mr. Jackman's FOIA request for a legible document.  Mr.

Jackman claimed that it was his fourth FOIA request for this particular document.[1]  He requested

a duplicate of an allegedly illegible laboratory report it is believed he received through discovery

during his criminal prosecution.  See Exhibit A, letter dated December 6, 2004.

4.      By letter dated December 20, 2004, ATF replied to Mr. Jackman, requesting proof of

identity or a reference number to his previous FOIA requests.  Mr. Jackman could provide proof

of identity by notarized statement or self-certification to authorize release of responsive records.

Alternatively, he could supply a reference number to identify his alleged previous FOIA

requests.  See Exhibit B, letter dated December 20, 2004.

5.      On January 5, 2005, the Disclosure Division received by mail a letter dated December

30, 2004, containing Mr. Jackman's reply.  Mr. Jackman included a notarized statement

validating his identity.  See Exhibit C, letter dated December 30, 2004.

6.      By cover-letter dated January 28, 2005, ATF provided Mr. Jackman with the

requested document.  The Disclosure Division withheld names and identifying information of

third parties pursuant to FOIA Exemption (b)(7)(C).  Mr. Jackman was provided with

---

[1] Upon searching its request recording databases, the Disclosure Division confirmed that Mr. Jackman's December 6, 2004, FOIA request letter was the first correspondence it received from Mr. Jackman concerning this document.

information on how to make an administrative appeal.  See Exhibit D, letter dated January 28, 2005.

7.    On February 16, 2005, the Disclosure Division received by mail a letter from Mr. Jackman, dated February 3, 2005, which was believed to have been an attempt by him to verify that the proper document was located.  He alleged that the document had been falsified for use at his criminal trial, and requested a factual document.  See Exhibit E, letter dated February 3, 2005.

8.    By letter dated March 7, 2005, the Disclosure Division responded to Mr. Jackman's February 3, 2005, letter and notified him that all documents responsive to his FOIA request had been released.  Upon receipt of Mr. Jackman's February 3, 2005, correspondence, the Disclosure Division contacted ATF's Pittsburgh Field Division[2] to verify that the document sent to Mr. Jackman was complete and true.  A Special Agent familiar with the criminal investigation into Mr. Jackman verified the document contents and authenticity.  Furthermore, as Mr. Jackman made reference in his February 3, 2005, letter to the classification of an explosives device, the Disclosure Division provided Mr. Jackman with information on how to contact the Firearms Technology Branch directly if he has questions or concerns regarding that matter.  Finally, Mr. Jackman was again provided with information on how to effectuate an administrative appeal.  See Exhibit F, letter dated March 7, 2005.

9.    On March 8, 2005, the Office of Information and Privacy (OIP), DOJ, received an administrative appeal by mail, dated February 27, 2005, from Mr. Jackman, who continued his allegations that ATF fabricated and withheld a document used to incarcerate him.  More specifically, Mr. Jackman alleged that he had an original laboratory report which supposedly

---

[2] The Disclosure Division contacted the ATF Pittsburgh Field Division because the latter Division was determined to maintain file #766050-99-0029.  See Paragraph 23 *infra*.

conflicted with the alleged fabricated report sent to him. His appeal letter then contained a request for documents beyond the scope of his December 6, 2004, FOIA request to ATF. Mr. Jackman also requested that names and identifying information of third parties and law enforcement personnel remain visible on the documents. See Exhibit G, letter dated February 27, 2005.

10.    By letter dated March 15, 2005, OIP informed Mr. Jackman that it had received his appeal, which would be reviewed in the order of its receipt due to a substantial backlog. See Exhibit H, letter dated March 15, 2005.

11.    By letter dated April 18, 2005, OIP informed Mr. Jackman that it affirmed the ATF action of March 7, 2005, regarding his FOIA request. OIP directed its own search for any responsive documents, and confirmed ATF's findings. See Exhibit I, letter dated April 18, 2005.

12.    On September 28, 2005, DOJ received notice that Mr. Jackman initiated a civil complaint against ATF regarding his December 6, 2004, FOIA request.

**Exemptions**

FOIA EXEMPTION 7 THRESHOLD

13.    ATF is a criminal and regulatory enforcement agency within the Department of Justice and is responsible for, among other things, enforcing Federal firearms laws including the Gun Control Act of 1968, 18 U.S.C. §§921-930, the Federal explosives laws, 18 U.S.C. Chapter 40, and the National Firearms Act, 26 U.S.C. Chapter 53. See 68 Fed. Reg. 4923 (2003).

FOIA EXEMPTION (b)(7)(C)
UNWARRANTED INVASION OF PERSONAL PRIVACY

14.    FOIA Exemption (b)(7)(C) protects records or information compiled for law enforcement purposes, production of which could reasonably be expected to constitute an unwarranted invasion of personal privacy. 5 U.S.C. §552(b)(7)(C).

15.    Pursuant to Exemption (b)(7)(C), the Disclosure Division withheld:

> the names of Federal law enforcement agents as well as information by which those individuals could be identified

16.    The individuals whose identities have been protected, as set forth above, are not the requester. Furthermore, Mr. Jackman presented no waivers that would permit release of any third party individual's information.

17.    The individuals' names and identifying information referenced were compiled in connection with an investigation into violations of various crimes, including the possession of a firearm by a convicted felon, and as such meet Exemption 7's threshold requirement of "records or information compiled for law enforcement purposes."

18.    Revealing this information is unlikely to add to the public's understanding of how an agency works or how well it performs its duties. On balance, the Disclosure Division determined that the substantial privacy interest, which is protected by withholding this information, outweighs any minimal public interest that would be served by its release. Since this is the higher of the two standards of invasion of privacy, the release of this information would be "unwarranted" as required by 5 U.S.C. §552(b)(7)(C).

19.    FOIA Exemption (b)(7)(C) protects from disclosure records or information compiled for law enforcement purposes to the extent that the disclosure of such law enforcement records or information could reasonably be expected to constitute an unwarranted invasion of privacy. 5 U.S.C. §552(b)(7)(C). On the released document, ATF withheld only the names and identifying information related to law enforcement officers.

20.    ATF asserted Exemption (b)(7)(C) to protect the identities of ATF Special Agents, and other law enforcement personnel such as supervisory and technical personnel who were involved in law enforcement operations. The identities of ATF Special Agents and other law

enforcement personnel that appear in law enforcement records are protected since disclosure might seriously prejudice their effectiveness in conducting investigations to which they are assigned or subject them to unwarranted harassment.

21.    In determining whether to identify ATF Special Agents and other law enforcement personnel, ATF balanced the interest in disclosure against the individuals' privacy interest.  Mr. Jackman did not assert any discernible public interest in this particular type of information.  ATF determined that the privacy interests of law enforcement personnel substantially outweigh any public interest, and that the names of law enforcement personnel would not be disclosed.  The fact that Mr. Jackman may know, or be able to independently determine the identities of some agents or other law enforcement personnel whose names have been withheld does not diminish the exemption's protection of these individuals.  Consequently, the deleted information is exempt under FOIA Exemption (b)(7)(C).

### Adequacy of Search

22.    Upon receipt of Mr. Jackman's FOIA request, the Disclosure Division executed an independent and thorough search for all responsive material.  The first step in conducting such a search was a query of the Treasury Enforcement Communications System (TECS).[3]  TECS is a text-based database, owned and maintained by the Bureau of Customs and Border Protection, U.S. Department of Homeland Security, and contains information that may be of interest to law enforcement agencies.  TECS is a computerized information system designed to identify individuals and businesses suspected of or involved in violation of Federal law.  TECS is also a communications system permitting message transmittal between Federal law enforcement offices and other international, state, and local law enforcement agencies.  TECS provides access to the

---

[3] TECS database is utilized by ATF to locate records within our Criminal Investigation Report System of Records. *See* 68 Fed. Reg. 3553.

FBI's National Crime Information Center (NCIC) and the National Law Enforcement

Telecommunication Systems (NLETS) with the capability of communicating directly with state

and local enforcement agencies. TECS is also a comprehensive ATF law enforcement database

that contains ATF investigative records. ATF records located within TECS include: wanted

persons and fugitives; known and suspected violators of laws falling within the jurisdiction of

ATF; felons and dishonorably discharged veterans who have requested relief to own firearms

and/or explosives under the Gun Control Act of 1968; violent felons; and gangs and terrorists.

The TECS system contains seven record subsections: People, Businesses, Aircraft, Firearms,

Vehicles, Vessels, and Things. Bureauwide, ATF performs an average of 130,000 queries per

month against records in the following subsections: People, Business, Firearms, and Vehicles.

These queries reveal ATF investigation numbers that correspond to a specific field division

where any files would be located. Accordingly, because the TECS database contains the names

of the individuals ATF has investigated, it was the place most likely to locate responsive records.

23.    In the instant case, the Disclosure Division made two separate queries of TECS to

locate responsive information, on December 20, 2004, and October 17, 2005, using Mr.

Jackman's first and last name, Social Security Number, date of birth, and address. Both queries

referred to the same file, #766050-99-0029. Each investigation file number contains information

which is coded to a specific ATF field division. In this instance, ATF's Pittsburgh Field

Division was determined to maintain file #766050-99-0029. Upon the Disclosure Division's

request, the Pittsburgh Field Division searched their records and located one responsive

document, which was subsequently provided to the Disclosure Division, processed and released

in part to Mr. Jackman. No other documents responsive to Mr. Jackman's request were found.

As such, and for the reasons described above, ATF has conducted a search of all locations likely

to contain responsive documents using methods reasonably expected to uncover all relevant documents. Mr. Jackman received all ATF materials responsive to his FOIA request.

## Segregability

24.     My staff reviewed each page of the material identified as responsive to ensure that no additional information could be released. The *Vaughn* index attached hereto describes in detail each document and all meaningful information contained therein. All releasable information has been provided to Mr. Jackman.

25.     I declare under penalty of perjury that the foregoing is true and correct. Executed this 21st day of November 2005.

Peter J. Chisholm
Acting Chief, Disclosure Division

**VAUGHN INDEX OF DELETIONS IN DISCLOSURE TO DONALD JACKMAN**
**FROM BUREAU OF ALCOHOL, TOBACCO, FIREARMS AND EXPLOSIVES**

| Page Number(s) | Description | Exemption Claimed | Justification |
|---|---|---|---|
| 1-2 | Statement of ATF Explosives Technology Branch | (b)(7)(C) | Name and identifying information of law enforcement personnel |

9

12-14-04 A10:50 IN
05-351
13-Jan-05

A 9

To:Disclosure Division
Re:F.O.I.A. Request, no answer to prior requests
Dear:Disclosure Division Chief                    Date:December 6, 2004

This is the fourth attempt at aquiring requested information under the Freedom of Information Act,so far all requests have gone unanswerd. This unanswering has been addressed through a U.S.Senator who's inquiry is ongoing. The necessity of the information has prompted yet another attempt at aquiring this information.

This information was included in my answered F.I.O.A. for discovery reply except it is of such poor quality , the copy being so dark will not allow legible copies to be made from it. This information requested is the three determinations rendered by the Secratary in responce in part to the EVIDENCE TRANSMITTAL FORM attached to this letter. It contains all the information necessary to access the requested information.

Your assistance and cooperation is anticipated as well as appriciated, thank you for expediting this request.

                                    Sincerely

                                    Donald G, Jackman, Jr.

                                    Donald G, Jackman, Jr. #06804068
                                    Federal Correctional Institution, Mckean
                                    P.O.Box 8000
                                    Bradford, Pa. 16701

cc:File

                                                                EXHIBIT A

DEPARTMENT OF THE TREASURY
BUREAU OF ALCOHOL, TOBACCO AND FIREARMS
**EVIDENCE TRANSMITTAL FORM**

Page 1 of
\_\_\_ pages

**1. TO:** BUREAU OF ALCOHOL, TOBACCO & FIREARMS
FORENSIC SCIENCE LABORATORY
1401 RESEARCH BOULEVARD
ROCKVILLE, MARYLAND 20850

**2. FROM:** LOUIS J. WEIERS
GI PITTSBURGH, PA

PHONE # (412) 395-6911

**3 TITLE OF INVESTIGATION**
Donald Jackman

**4 INVESTIGATION NUMBER**
766050 99 0029

**5 NUMBER OF PACKAGES**
1

**6 EXPEDITE (explain in comments section)** ✓

**7. TYPE OF INVESTIGATION**
✓ FIREARMS
✓ EXPLOSIVES
☐ ARSON
☐ OTHER

**8. INTRA-AGENCY ROUTING AFTER LABORATORY EXAMINATION (mark an 'X' in appropriate box)**
✓ EXPLOSIVES TECHNOLOGY BRANCH   ☐ FIREARMS TECHNOLOGY BRANCH   ☐ RETURN TO CONTRIBUTOR   ☐ OTHER

**9. ATTACHMENTS INCLUDED IN THIS SUBMISSION (mark an 'X' in appropriate boxes) *ATTACH PRELIMINARY/STATUS ATF 3270.2.**
✓ ATF F 3400.16   ✓ PHOTOGRAPHS CD   ☐ DIAGRAMS   ☐ OTHER _____

**10. COMMENTS/SPECIAL INSTRUCTIONS**

USE EVIDENCE LOG/INVENTORY NUMBERS

EXPLOSIVES/BOMB
FIRE DEBRIS
TRACE EVIDENCE
DOCUMENT
FINGERPRINT
FIREARMS
TOOLMARKS

1.) Need ETB Determination of Exh #3 by 4-11-00 FOR INDICTMENT
2.) IT is believed Exh #3 was constructed using Exh #4
3.) Compare Powder #1 (Ex3) to Exh #5
4.) Compare powder #2 (Ex3) to Exh #4 powder

| EXHIBIT # | | DESCRIPTION/REMARKS |
|---|---|---|
| 3 | X | Components of IED: two (2) powder samples, fragments, cardboard tube covered w/ frag |
| 4 | X | One Test Control Report 2000 (Live) |
| 5 | X | Sample of Hodgdon Pyrodex Propellant |
| 6 | X | Sample of Hodgdon Pyrodex Propellant |
| 7 | X | Sample of Aluminum type powder |

**11. SUBMITTED BY (Name)**
Louis J. Weiers

**12. TITLE AND OFFICE**
SA Ret, PA GII

**13. DATE**
3-21-00

**14. REVIEWED BY (Name)**
David P Bopp

**15. TITLE AND OFFICE**
RAIC

**16. DATE**
3-22-00

**MISSION OF THE ATF LABORATORIES:** To produce the accurate and authoritative scientific information needed by Law Enforcement and Compliance Operations in protecting the public and collecting the revenue.

**U. S. Department of Justice**
Bureau of Alcohol, Tobacco, Firearms and Explosives

## Correspondence Approval and Clearance

3
0
62

DEC 2 0 2004

REFER TO:  05-351 AG
100060

Mr. Donald G. Jackman
Reg. #06804-068
Post Office Box 8000
Bradford, Pennsylvania  16701

Dear Mr. Jackman:

This is in response to your Freedom of Information Act (FOIA) request for access to information you believe is maintained by the Bureau of Alcohol, Tobacco, Firearms and Explosives (ATF).  You request records about yourself, and further state that this is your fourth attempt to obtain records under the FOIA, from this Bureau.

 Please provide us with the reference number, which would be at the upper right of the letter.  That will enable us to locate your previous file and proof of identification.

Or provide proof of your identity now; your notarized signature, or self-certification this in you best interest, and we will initiate a search for responsive records immediately.

Be advised according to the Department of Justice FOIA regulations Title 28 CFR states; by submitting a FOIA request you agree to pay up to $25.00, if the cost exceeds that amount we will request a fee agreement from you, unless you request a fee waiver.

Upon receiving proof of identity, and an agreement to pay we will initiate a search for records relative to you.  Should you have any questions do not hesitate to write again, or call at (202) 927-8480.

Sincerely yours,

**(Signed) Averill P. Graham**

Averill P. Graham
Chief, Disclosure Division

| Code | Initiator | Reviewer | Reviewer | Reviewer | Reviewer | Reviewer | Reviewer |
|---------|-----------|----------|----------|----------|----------|----------|----------|
| Surname |  |  |  |  |  |  |  |
| Date |  |  |  |  |  |  |  |

**EXHIBIT B**

REVISED MAY 1 2004

*U.S. GPO 2004—304-380/82603

To: Averill P. Graham                    Date: December 30, 2004

Re: Request (F.O.I.A.) 05-351AG 100060 (ref. no.)    01-13-05 P03:33 IN
                                                       2-11-05
Dear: Mr. Graham                                       05-448    HL

    This is in response to tour letter of 12-20-2004 in regards to a
request for information under the F.O.I.A.. The information requested
does not fall under the classification of information that requires a
fee under 28 CFR 16.49 fees. The requested information is exempt per 5
USC § 552a (j) (2) or (k) (2) of this title. This would be correct and
applicable being the previous request which resulted in a 5 foot tall
stack of documentation and did not require any fee.

    The information requested is only 1 page. The request is only for
a copy that can be read and copied. Considering how dark it was it app-
ears that person[s] believed the submitting in that manner would fulfill
the obligations of the F.I.O.A. request.

    As stated in the letter this was the fourth request for this infor-
mation. Your response is conformation of an ongoing problem with lost
mail or mail not reaching it's destination, for this I owe you a thank
you.

    I do not agree to pay any fee do to it not being required for this
particular request. In the event that it may still be charged, I Donald
G. Jackman, Jr. request fee waiver based in part on my present pauper
status ordered by both the U.S. District Court and the Third Circuit
Court of Appeals and 28 CFR 16.49.

    Also attached is a notarized statement to insure that I am who I
say I am so this request can be expedited. Your response and cooperation
is anticipated. Thank you.

                            Sincerely,

                            Donald G. Jackman, Jr.

                            Donald G. Jackman, Jr, #06804068
                            Federal Correctional Institution,
                            Mckean
                            P.O.Box 8000
                            Bradford, Pa. 16701

cc:file

                                                    EXHIBIT C

I Donald G. Jackman, Jr. state that this is who I am and the information requested is pertaining to on going litigation. That this is a statement to that fact being notarized with seal.

Date: _January 4, 2005_          /s/ _Donald G. Jackman, Jr._

                                     Donald G. Jackman, Jr.

Notary: _____

My commission expires: _____

        Notarial Seal
   Craig E. Engstrom, Notary Public
   Lafayette Twp., McKean County
   My Commission Expires Apr. 10, ____
   _____ Pennsylvania Association _____

                                              (Seal)

U.S. Department of Justice

Bureau of Alcohol, Tobacco,
Firearms and Explosives

---

DEC 2 0 2004      Washington, DC 20226
www.atf.gov
                             REFER TO:  05-351 AG
                                        100060

Mr. Donald G. Jackman
Reg. #06804-068
Post Office Box 8000
Bradford, Pennsylvania  16701

Dear Mr. Jackman:

This is in response to your Freedom of Information Act (FOIA) request for access
to information you believe is maintained by the Bureau of Alcohol, Tobacco,
Firearms and Explosives (ATF).  You request records about yourself, and further
state that this is your fourth attempt to obtain records under the FOIA, from this
Bureau.

 Please provide us with the reference number, which would be at the upper right
of the letter.  That will enable us to locate your previous file and proof of
identification.

Or provide proof of your identity now; your notarized signature, or self-
certification this in you best interest, and we will initiate a search for responsive
records immediately.

Be advised according to the Department of Justice FOIA regulations
Title 28 CFR states; by submitting a FOIA request you agree to pay up to $25.00,
if the cost exceeds that amount we will request a fee agreement from you, unless
you request a fee waiver.

Upon receiving proof of identity, and an agreement to pay we will initiate a search
for records relative to you.  Should you have any questions do not hesitate to
write again, or call at (202) 927-8480.

                         Sincerely yours,

                         Averill P. Graham
                         Chief, Disclosure Division

**U. S. Department of Justice**
Bureau of Alcohol, Tobacco, Firearms and Explosives

**Correspondence Approval and Clearance**

JAN 2 8 2005

*10 days.*
*2 pgs.*
*20 — t-7C*

Refer to: 05-448

Mr. Donald G. Jackman Jr
# 06804068   F.C.I.
McKean
P.O. Box 8000
BRADFORD   PA  16701

Dear Mr. Jackman:

This is in response to your Freedom of Information Act request for access to information
maintained by the Bureau of Alcohol, Tobacco, Firearms and Explosives.

Your request is granted in part.  We are releasing the disclosable portions of the documents and
withholding portions for the reasons shown on the cover sheet that accompanies the documents:
Names of our special agents have been withheld pursuant to Title 5 U.S.C. 552 (b)(7)(C).

Insofar as deletions were made you have the right to file an administrative appeal. If you choose
to appeal you may follow the procedure outlined on the reverse of the cover sheet.

Sincerely,

Marilyn R. LaBrie
Disclosure Specialist

| Code | Initiator | Reviewer | Reviewer | Reviewer | Reviewer | Reviewer | Reviewer |
|---|---|---|---|---|---|---|---|
| Surname | | | | | | | |
| Date | | | | | | | **EXHIBIT D** |

Revised May 1 2004

U S GPO 2004— 304-380 82603



**DEPARTMENT OF THE TREASURY**
BUREAU OF ALCOHOL, TOBACCO AND FIREARMS

## STATEMENT OF EXPLOSIVES TECHNOLOGY BRANCH

**To:**    Special Agent ████████████████          I/N:  766050-99-0029
Bureau of Alcohol, Tobacco and Firearms
1000 Liberty Avenue, Suite 2104                  ETB:  R-02-55
Pittsburgh, PA 15222                             Date:
                                                       March 23, 2000

As requested, the following items were analyzed in order to form
an opinion as to the design, construction, functioning, effects
and technical classification of the materials involved in this
investigation:

### ITEMS SUBMITTED FOR ANALYSIS OR EVALUATION

__ITEM 1.__    ATF Report of Investigation, 766050-99-0029

__ITEM 2.__    ATF Report of Laboratory Examination, 00N0209 (1)

__ITEM 3.__    Physical evidence relating to this investigation.

### DEVICE DESIGN AND CONSTRUCTION

The materials evaluated in this case are consistent with an
improvised explosives weapon.  This device consisted of a
improvised/modified Pest Control Device body, which that had
contained a quantity of explosives identified by laboratory
analysis as Hodgdon Pyrodex, a black powder substitute, and a
mixture of potassium perchlorate and aluminum powder, and a
length of pyrotechnic fuse. A quantity of metal roller bearings
was also attached to this device.

### DEVICE FUNCTIONING AND EFFECTS

This device was designed to function by explosion.  Lighting the
pyrotechnic fuse would begin a burning delay, at the completation
of this delay; the burning fuse would then ignite the explosive
filler. This action in turn would then cause this device to
explode. This explosion would then produce blast, thermal and
fragmentation effects.  The addition of the metal roller bearings
would enhance this fragmentation effect.  This explosion would be
capable of causing property damage, and/or serious injury or
death to persons near the explosion.

# STATEMENT OF EXPLOSIVES TECHNOLOGY BRANCH
(Continuation Sheet for ATF F 3324.1)

-2-

I/N:766050-99-0029

<u>OPINION</u>

Based upon the above, it is the opinion of the undersigned that
the device in this investigation would be properly identified as
an Explosive Bomb.  Explosive Bombs are destructive devices as
that term is defined in 26 U.S.C. section 5845(f).


The Explosives Technology Branch pending final disposition of
this investigation will retain evidence containing explosives or
consisting of explosives.



, Sr.
Explosives Enforcement  Officer


Chief, Explosives Technology Branch

## DOCUMENT COVER SHEET: EXEMPTIONS LIST AND APPEAL RIGHTS

**Part I – Document cover sheet**

| 1. Requesters' name _Jackman Donald_ | 2. File no. _05-448_ | 3. Requested documents were referred by the following agency: |
|---|---|---|
| 4. Documents are being released:  [ ] at cost  [✓] without cost | 5. Package ends with documents no.: _–2–_ | 6. Total no. of documents denied: _O_ |

**7. Exemptions cited for information withheld on pages released: (See Part II of explanations of exemptions)**

[ ] (b)(1)      [ ] (b)(2)      [ ] (b)(3) _____      [ ] (b)(4)      [ ] (b)(5)      [ ] (b)(6)

[ ] (b)(7)(A)    [ ] (b)(7)(B)    [✓] (b)(7)(C)    [ ] (b)(7)(D)    [ ] (b)(7)(E)    [ ] (b)(7)(F)

**8. Documents completely withheld:**

Document no. ——Exemption        Document no. ——Exemption        Document no. ——Exemption

_____  _____            _____  _____            _____  _____

_____  _____            _____  _____            _____  _____

_____  _____            _____  _____            _____  _____

_____  _____            _____  _____            _____  _____

9. The records identified above have been determined to be most directly responsive to your request. Other records, described below are available upon payment of ten (10) cents per page (or at no cost if a fee waiver is granted). These records generally consist of duplicated or repetitive information that restates information contained in the package being released. A sample or index of these records is included in this released. The following records are available upon written request:

No. of pages

(a)  Exhibits to Report (See index on page_____ )        _____
(b)  Surveillance Reports (See sample page_____ )        _____
(c)  Interagency Telegrams and Messages (See sample page_____ )        _____
(d)  Property Disposition records (See sample page_____ )        _____
(e)  Newspaper or magazine article (See sample page_____ )        _____
(f)  Miscellaneous (See sample page_____ )        _____

Note   To obtain copies of these records, identify the records you want, count the pages and multiply by ten (10) cents. Send a check or money order payable to Bureau of Alcohol, Tobacco, Firearms and Explosives (ATF) and mail to Chief, Disclosure Branch, ATF, 650 Mass. Ave., Rm 8400, Washington, DC. Request promptly for best service, as files are returned to field offices fifteen (15) days after this notice is mailed to you.

(Parts II and III on reverse side)



To: Marilyn R. LaBrie                    Date: February 3, 2005

Re: Your January 28, 2005 response       02-16-05 A11:44 IN
                                          17-Mar-05
                                          05-616    *LL*

Dear: Ms. LaBrie

       Thank you for your response and the documentation sent. Enclosed
find a copy of what was received by your office and a copy already in my
possession of an unedited version. This is not the information that was
requested. This information was determined in court to be false and tes-
tified to by Agent Weirs to have been back dated. The report had been made
up 2 weeks prior to court and 2 years after the initial aquiring of the
items in question.

       Further verification of this can be found in the fact that the labor-
atory report referenced was not yet completed when the alledged report
was made. This fact lead to the admitting in court of this falsifying of
documentation. This report is also not one authorized by statute or 27 CFR
179.24. The determination authorized by 27 CFR 179.24 is the documentation
requested. It is a requirement to prosecution. If is being said that this
no longer exists when the documentation was included in discovery is ob-
struction of justice. The copy in discovery was just copied very dark in
what appears to be an attempt to hide this important fact.

       Based on the foregoing and enclosed documentation it is again that
the Secretary's determination be supplied as requested. If not supplied
than treat this correspondence as an appeal of the denial of requested
information. This matter is being pursued (the illegal prosecution) in civil
court at present and could include another co-conspirator by a simple att-
achment. It is not the intent to include others who are unknowing about
the bad faith acts of out of hand agents, except the need of the docu-
mentation far out weighs any consideration to the legal costs incurred by
those included to the case.

       Furthermore there was also a determination done by the Secretary
on a submission of the same device put in by my self that came back with
the same conclusion reached by the Secretary as was reached on the actual
and required determination submitted by the prosecution. The regulations
are in place to keep agents and others related to cases from fabricating

                                                    **EXHIBIT E**

                              (1)

evidence or withholding exculpatory evidence. The item in question was not a bomb, was not designed as a bomb, was not redesigned as a bomb, just a means to scare off geese and profit from the excessive geese problem so many are having. Again I request the determination done bt the Secretary that is consistent with the determination rendered by my submission. Your assistance and cooperation is anticipated. Thank you.

Sincerely,

Donald G. Jackman, Jr.# 06804068
Federal Correctional Institution, Mckean
P.O.Box 8000
Bradford, Pa. 16701

cc: file
    : enclosures

## ATTACHMENT

As can be seen by the highlighted dates and reference number the report was referenced in the opinon prior to the report being done. The determination on my personal request was not able to render the device as being destructive without the amount of powder known. How could Weirs render an opinion without knowing the amount of powder? Why would he fabricate a report when he knew the device was not as stated? Pertaining to his opinion it certainly is not consistent with the report quoted from. My question on this matter is to know if this criminal act is some sort of sanctioned action by the BATF? Your thoughts and response on this would be appriciated. Again thank you.



# STATEMENT OF EXPLOSIVES TECHNOLOGY BRANCH

**To:**  Special Agent ████████████████
Bureau of Alcohol, Tobacco and Firearms
1000 Liberty Avenue, Suite 2104
Pittsburgh, PA 15222

**I/N:** 766050-99-0029

**ETB:** R-02-55

**Date:** March 23, 2000

As requested, the following items were analyzed in order to form an opinion as to the design, construction, functioning, effects and technical classification of the materials involved in this investigation:

## ITEMS SUBMITTED FOR ANALYSIS OR EVALUATION

**ITEM 1.**  ATF Report of Investigation, 766050-99-0029

**ITEM 2.**  ATF Report of Laboratory Examination, 00N0209 (1)

**ITEM 3.**  Physical evidence relating to this investigation.

## DEVICE DESIGN AND CONSTRUCTION

The materials evaluated in this case are consistent with an improvised explosives weapon. This device consisted of a improvised/modified Pest Control Device body, which that had contained a quantity of explosives identified by laboratory analysis as Hodgdon Pyrodex, a black powder substitute, and a mixture of potassium perchlorate and aluminum powder, and a length of pyrotechnic fuse. A quantity of metal roller bearings was also attached to this device.

## DEVICE FUNCTIONING AND EFFECTS

This device was designed to function by explosion. Lighting the pyrotechnic fuse would begin a burning delay, at the completation of this delay; the burning fuse would then ignite the explosive filler. This action in turn would then cause this device to explode. This explosion would then produce blast, thermal and fragmentation effects. The addition of the metal roller bearings would enhance this fragmentation effect. This explosion would be capable of causing property damage, and/or serious injury or death to persons near the explosion.

STATEMENT OF EXPLOSIVES TECHNOLOGY BRANCH
(Continuation Sheet for ATF F 3324.1)

-2-

I/N:766050-99-0029

OPINION

Based upon the above, it is the opinion of the undersigned that the device in this investigation would be properly identified as an Explosive Bomb. Explosive Bombs are destructive devices as that term is defined in 26 U.S.C. section 5845(f).

The Explosives Technology Branch pending final disposition of this investigation will retain evidence containing explosives or consisting of explosives.



_____, Sr.
Explosives Enforcement Officer

_____ Acting
Chief, Explosives Technology Branch



DEPARTMENT OF THE TREASURY
BUREAU OF ALCOHOL, TOBACCO AND FIREARMS



## STATEMENT OF EXPLOSIVES TECHNOLOGY BRANCH

I/N: 766050-99-0029

To:

Special Agent Louis J. Weiers
Bureau of Alcohol, Tobacco and Firearms
1000 Liberty Avenue, Suite 2104
Pittsburgh, PA 15222

ETB: R-02-55

Date: March 23, 2000

As requested, the following items were analyzed in order to form an opinion as to the design, construction, functioning, effects and technical classification of the materials involved in this investigation:

## ITEMS SUBMITTED FOR ANALYSIS OR EVALUATION

ITEM 1.  ATF Report of Investigation, 766050-99-0029

ITEM 2.  ATF Report of Laboratory Examination, 00N0209 (1)

ITEM 3.  Physical evidence relating to this investigation.

## DEVICE DESIGN AND CONSTRUCTION

The materials evaluated in this case are consistent with an improvised explosives weapon.  This device consisted of a improvised/modified Pest Control Device body, which that had contained a quantity of explosives identified by laboratory analysis as Hodgdon Pyrodex, a black powder substitute, and a mixture of potassium perchlorate and aluminum powder, and a length of pyrotechnic fuse. A quantity of metal roller bearings was also attached to this device.

## DEVICE FUNCTIONING AND EFFECTS

This device was designed to function by explosion.  Lighting the pyrotechnic fuse would begin a burning delay, at the completion of this delay; the burning fuse would then ignite the explosive filler. This action in turn would then cause this device to explode. This explosion would then produce blast, thermal and fragmentation effects.  The addition of the metal roller bearings would enhance this fragmentation effect.  This explosion would be capable of causing property damage, and/or serious injury or death to persons near the explosion.

ATF F 3324.1 (4-98) (Formerly ATF F 3320.2, which is obsolete)

-2-

I/N:766050-99-0029

OPINION

Based upon the above, it is the opinion of the undersigned that
the device in this investigation would be properly identified as
an Explosive Bomb.  Explosive Bombs are destructive devices as
that term is defined in 26 U.S.C. section 5845(f).

The Explosives Technology Branch pending final disposition of
this investigation will retain evidence containing explosives or
consisting of explosives.

_____
Joseph C. Lund, Sr.
Explosives Enforcement Officer

_____ D/DIOS Acting
Mark E. Murray
Chief, Explosives Technology Branch

FORENSIC SCIENCE LABORATORY

BUREAU OF ALCOHOL, TOBACCO AND FIREARMS

1401 RESEARCH BOULEVARD
ROCKVILLE, MD 20850

**DEPARTMENT OF THE TREASURY**

# Laboratory Report

To: Special Agent Louis J. Weiers
Bureau of Alcohol, Tobacco and Firearms
1000 Liberty Avenue, Suite 2104
Pittsburgh, PA  15222

Date of Report: April 06, 2000

Lab Number: 00N0209(1)

Reference: 766050990029

Title: Donald Jackman

Type of Exam: Explosives

The evidence described below was received via ATF courier, on March 28, 2000.

<u>EXHIBITS</u>

3.    Cardboard tube with attached metal roller bearing rollers
    3-1.    Powder sample
    3-2.    Powder sample

4.    Pest-Control Report 2000
5.    Powder sample
6.    Powder sample
7.    Powder sample

<u>RESULTS OF EXAMINATION</u>

Exhibit 4 contained a "Pest-Control Report 2000".  The pest-control report consisted of a 3 ¼-inch long, 0.675-inch diameter cardboard tube with an approximate 2 ½-inch length of functional 1/8-inch diameter pyrotechnic fuse protruding from one end.  The fuse was inserted into a mixture of potassium perchlorate and aluminum powder, which was contained in a small cardboard insert.  The remainder of the tube was hollow.  The "Pest-Control Report 2000" was manufactured in the USA by MAX 2000, Inc., of Stanton, Missouri.

Exhibit 3 contained a "Pest-Control Report 2000", which was covered with metal roller bearing rollers. An epoxy had been used to secure the rollers to the cardboard tube, and also to seal the non-fused end of the tube. Exhibit 3-1 was identified as P (pistol) grade Hodgdon Pyrodex®, a black powder substitute. Exhibit 3-2 was identified as a mixture of potassium perchlorate and aluminum powder.

Exhibits 5 and 6 were identified as P-grade Hodgdon Pyrodex®.

Exhibit 7 was identified as magnesium powder.

## DISPOSITION OF EVIDENCE

Exhibits 3, 4, 5, and 6 will be retained in the laboratory pending the receipt of a Report of Destruction by the Explosives Technology Branch. The remainder of the evidence, along with the original packaging from exhibits 3, 4, 5, and 6 will be returned via Federal Express.

Katherine M. Klontz
Forensic Chemist

REVIEWED BY:

Richard A. Strobel, Chief
Arson and Explosives Section I

KMK/kmk

**U. S. Department of Justice**
Bureau of Alcohol, Tobacco, Firearms and Explosives

# Correspondence Approval and Clearance

*12 days.*
*0 Docs.*
*'30'*

MAR  7 2005

Refer to:  05-616

Mr. Donald Jackman
# 06804068
Federal Correctional Institution, McKean
P.O. Box 8000
BRADFORD  PA  16701

Dear Mr. Jackman:

This is regarding your recent letter to us about your Freedom of Information Act request.  We regret to inform you that we have performed a search and we cannot locate any other documents such as you describe.   You have received (and provided us with copies of) the Laboratory reports and ETB report applicable to your case.

If you believe that you are still engaged in an ongoing matter regarding the classification of a device with our Firearms Technology Branch you could write to them directly at:

Firearms Technology Branch
244 Needy Road
Marlinsburg  WV  25401

This is not a denial, we are simply informing you that we could not locate other documents such as you describe.  If you choose to interpret this as a denial, you have the right to file an administrative appeal.   Your letter of appeal should be addressed to the Office of Information and Privacy, U.S. Department of Justice, Flag Building, Suite 570, Washington DC 20530-0001.  Your letter must be received within 60 days from the date of this letter and indicate that your appeal is about this response from ATF.

Sincerely,

Marilyn R. LaBrie
Disclosure Specialist

| Code | Initiator | Reviewer | Reviewer | Reviewer | Reviewer | Reviewer | Reviewer |
|---|---|---|---|---|---|---|---|
| Surname | | | | | | | |
| Date | | | | | | | |

**EXHIBIT F**

ATF Form 9310  3A
Revised May 1 2004

U S GPO 2004—304-380/82603

FOIA

(A)

1. 05-1297
2. 05-1248

(1) ATF
(2) FBI

06-1297

RE: Appeal, Information Received January 19, 2005

Dear: Chief, Disclosure Branch                    Date: February 27, 2005

   Greetings, this is a formal in writing appeal to disclose other withheld
① information from File No. 05-448. The first matter involves only receiving 1-4 pages
out of (six) of seizure form Asset ID: ROO-FBI-00299. It shows violation statute
as being 21 U.S.C. 881. My question is how is that possible when my case had
absolutely "NOTHING" to do with drugs? None of my firearms were the proceeds
of any illegal activity including drugs. Which brings me to the second issue. Why
are my purchase records (showing approved purchases) still being withheld?

   The issue involves the continual and ongoing refusal to supply the E.T.B.
determination requested by Joseph C. Lund, Sr. I am sending copies unedited so
there is no misunderstanding of who I am talking about and referencing. Again
this goes back to the same backdated report referencing Katherine M. Klontz
and her disposition of evidence. Lunds Statement (included) states the device is
a destructive bomb yet never tested it. I personally, had my own determination
done by E.T.B which was unable to determine it to be a destructive device

   Lunds opinion not only goes against the determinations but also the laws
of physics. The claim he made about causing property damage ... or death to
persons near the explosion is nonesence. Proof of this is the fact I'm writing
to you after standing right beside 3 diffent ones during testing to insure
they would cause damage or injury let alone death. That is a totally false
statement whose only goal was favor to the prosecution at the cost of truth
or fact. It is understandable why the information is being withheld which was
a requirement of 26 U.S.C. 5855(f) and 27 CFR 179.24.

   This withholding of exculpatory evidence has violated my Sixth Amendment
Right to confrontation recently upheld in U.S.S Ct. Ruling Crawford v. Washington.
Again I request a readable and copyable copy of the E.T.B. determination of
the 3 alledged destructive devices submitted by Mr. Lund, Sr. It is the hope
to avoid having to bring this matter into the courts and being this informa-
tion was to be presented prior to trial it will only result in a ruling un-

(1)                                    EXHIBIT G

favorable to the A.T.F.. It is my hope to avoid this. The request is only for that which the law required. I also ask that when the responce is sent it will not have the names covered over to keep from having to request a court order for this evidence in ongoing post conviction proceedings. I do have my poor copy so it wont be said the report does not exist and the A.T.F. determination per my request. Your cooperation is appriciated and reply anticipated, thank you.

Very truely yours

App    Donald G. Jackman, Jr # 06804068
Federal Correctional Institution, McKean
P.O. Box 8000
Bradford, PA. 16701

) P.S. Another Confrontation issue involves Federal Bureau of Investigation File # 266A - PG - 66703 (I 270 PSS 02-302) Investigation on 09/22/00 stamped Oct 13, 2000 FBI-PITTSBURGH Date of transcription 09/26/2000. This involves statements made by an accuser required to be disclosed under the 6th amendment. I would appriciate a clean copy, thank you.

PSS: Please copy and return enclosures, thank you.

:c: file - enclosures

OFFICE OF INFORMATION
AND PRIVACY

MAR 03 2005

RECEIVED

Appeal - 05-11

**U.S. Department of Justice**

Office of Information and Privacy

_____

*Telephone: (202) 514-3642*                    *Washington, D C 20530*

**MAR 1 5 2005**

Mr. Donald G. Jackman, Jr.
Register No. 06804-068
Federal Correctional Institution, McKean
P.O. Box 8000
Bradford, PA 16701

     Re: Request No. 05-448

Dear Mr. Jackman:

     This is to advise you that your administrative appeal from the action of the Bureau of Alcohol, Tobacco, Firearms, and Explosives on your request for information from the files of the Department of Justice was received by this Office on March 8, 2005.

     The Office of Information and Privacy, which has the responsibility of adjudicating such appeals, has a substantial backlog of pending appeals received prior to yours. In an attempt to afford each appellant equal and impartial treatment, we have adopted a general practice of assigning appeals in the approximate order of receipt. Your appeal has been assigned number **05-1247**. Please mention this number in any future correspondence to this Office regarding this matter.

     We will notify you of the decision on your appeal as soon as we can. The necessity of this delay is regretted and your continuing courtesy is appreciated.

               Sincerely,

               Priscilla Jones
               Chief, Administrative Staff

EXHIBIT H

ATF



**U.S. Department of Justice**

Office of Information and Privacy

_____

*Telephone: (202) 514-3642*          *Washington, D.C. 20530*


APR 18 2005

Mr. Donald G. Jackman, Jr.
Register No. 06804-068
Federal Correctional Institution    Re:  Appeal No. 05-1247
Post Office Box 8000                     Request No. 05-448
Bradford, PA  16701                      RLH:BVE:JTR

Dear Mr. Jackman:

    You appealed from the action of the Bureau of Alcohol, Tobacco,
Firearms, and Explosives in response to your request for access to
records concerning a "copy of the E.T.B. determination of the 3
alleged destructive devices submitted by Mr. Lund, Sr.," as outlined
in your letter of February 27, 2005.

    After carefully considering your appeal, I have decided to
affirm the ATF's action on your request.  Though you assert that the
ATF has withheld documents from you, a member of my staff has
confirmed that there are no additional records responsive to your
request.

    The two pages released to you are exempt from the access
provision of the Privacy Act of 1974 pursuant to 5 U.S.C.
§ 552a(j)(2).  See 28 C.F.R. § 16.106 (2004).  Because this record is
not available to you under the Privacy Act, your request has been
reviewed under the Freedom of Information Act in order to afford you
the greatest possible access to the records you requested.

    The ATF properly withheld certain information that is protected
from disclosure under the FOIA pursuant to 5 U.S.C. § 552(b)(7)(C).
This provision concerns records or information compiled for law
enforcement purposes, the release of which could reasonably be
expected to constitute an unwarranted invasion of the personal
privacy of third parties (including, in this instance, the names of
law enforcement personnel).  I have determined that this information
is not appropriate for discretionary release.

                                                    EXHIBIT I



-2-

If you are dissatisfied with my action on your appeal, you may seek judicial review in accordance with 5 U.S.C. § 552(a)(4)(B).

Sincerely,

Richard L. Huff
Co-Director