RECEIVED
DEC 14 2005
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

Donald G. Jackman, Jr.     )
          Plaintiff        )
     v.                    )
                           )    Civil Action No. 05-1889(HHK)
                           )                     05-1888(HHK)
Department of Justice      )
(BATF&E)                   )
          Defendants       )
(FBI)

---

### RESPONSE TO MOTION FOR SUMMARY JUDGMENT

The plaintiff in response to the DOJ's motion for summary judment shows the following in support of his complaint. Foremost a in part list of Government FOIA file numbers will be listed including information (edited copies) of information sent January 14, 2005 from zip code 20535 with metered Mail No. 0004202234. The information received was for the most part information Mr. Jackman possesses in unedited form. The list of FOIA file numbers is as follows:

| Issue Number | Appeal Number |
|---|---|
| 1. 05-442 | 05-0953 |
| 2. 05-448 | 05-1247 |
| 3. 985691 | 04-0343 |
| 4. 05-188 | 05-1248 |
| 5. 05-OIG-161 | 05-2494 |
| 6. 05-3250 | N/A |
| 7. 20050198P | N/A |

Copies of letters will be forthcoming as soon as arrangements can be made through the counselor who is on vacation. A copy is being included from the Department of the Treasury Bureau of Alcohol,Tobacco, Firearms, and Explosives Dated: March 28, 2002. This is a response per Mr. Jackman's request under 26 USC § 5845(f) relying on 27 CFR § 179.24 as to who is required to make determinations on submitted des-

(1)

tructive devices. This authority was delegated to the Secretary of the ATF or his designate. The purpose was to stop abuses by case agents concerning what is and is not a destructive device inorder to curtail prosecutions for devices which are not destructive. This due to firecrackers and other over the counter devices being wrongly classified when case agents are under pressure to make arrests or justify charges.

    This being the situation in Mr. Jackman's case. The requirement for a determination per statute and cfr was undertaken by the Government. The determination rendered on the (3) items submitted by the Government was the same as the response received by Mr. Jackman, i.e. there could not be a determination made without knowing the amount of synthetic black powder. The reason for the copy of the determination of the items submitted by the government is to show that the determinations made by the case agents were false. That due to pressure to win or bolster their unsupported allegations it became necessary to withhold exculpatory evidence to hide the fact that prosecution against Mr. Jackman commenced with the prosecution knowing full well Mr. Jackman was not in violation of federal law.

    There can be no other reason when the same device submitted by Mr. Jackman came back unable to determine as a destructive device without knowing the amount of the powder. This could only mean that the case agents possesses some special power, or (and the more likely) there was a blatant bad faith reason to withhold evidence that conclusively showed Mr. Jackman "NOT" in violation of Federal laws. The transcribed record contains only information rendered by case agents, nothing was presented as required by 27 CFR 179.24 or 5845(f) of Title 26 USC §.

    Since starting this response the order has been received to respond as well to the whole of the governments response. Mr. Jackman will now proceed to answer point by point as relevant the governments proposed motions.

    In response to the contentions there are "no grounds", Mr. Jackman will start with the Background submitting letter dated October 14th, 2003 which was not answered. Several other letters not in Mr. Jackman's possession were sent from the Allegheny Co. Jail, as with other documents,

were sent home (which no longer exists) when transferred from the jail to Mckean FCI. Mr Jackman has no idea where this documentation is at present. (letter Exhibit **A**)

The most recent information received from the DOJ has names blacked out and is of no consequence due to possessing copies of the original case file containing "all" names of agents involved. Matters filed in court list the names thus negating any contended privacy issues. To keep exhibits documentation condensed a few copies for confirmation of the original case file material relevant to present issues are included. See Laboratory Report (Exhibit **B**)

a.   This report will be addressed due to being past dated and pertaining to the present matter. One only need see the date received see [the evidence described below was received via ATF courier on March 28, 2000]. The date of the report is listed as April 6, 2000 (this being Exhibit **C**). Next locate the reference number (2) lines under the date. 766050990029 which references "Statement of Explosives Technology Branch Report" dated March 23, 2000. One need only compare the dates to notice a serious problem.

b.   The Statement of the E.T.B. cites an evaluation done "prior to" the report, prior by (5) days. How is this? Testimony by SA weiers revealed he back dated the report (2) years preparing it approximately (2) weeks prior to trial.

6.   Prior to trial Mr. Jackman requested a determination done in accordance to 27 CFR 179.24 (Exhibit **D**) by the Secretary of the ATF which was not received till after trial. The report comes to the same conclusion as the too dark copy requested by the prosecution (Exhibit **E**). The determination concluded it could not render a determination without knowing the amount of Pyrodex Synthetic Powder. Being this is the section of the ATF responsible for making determinations and cannot, how can the "case agents" come to a conclusion without all the facts/evidence? This would be a showing of a fraudulent determination and a "failing" on the part of the prosecution for failure to administer a statute.

(3)

a.     This being a similar situation found in <u>Kyles v. Whitley</u>, 514 U.S. 419, 437 (1995) at 437 see e.g. <u>U.S. v. Wood</u>, 57 F3d.733,737 (9th Cir. 1995)(Brady violation in failure to disclose exculpatory material contained in F.D.A. reports because F.D.A. charged with administering Statute at issue and consulted with prosecutor in steps leading to prosecution)

The Secretary of the ATF is unquestionably responsible for administration of Statute 26 USC § 5845(f) & 27 CFR 179.24 reguarding a determination relating to registration requirements. (the prosecution requested [consulted with] the Secretary for a determination as required) The purpose of the statute/regulation is to curb unnecessary prosecutions by over zealous agents/prosecutors relating to over the counter pyrotechnic devices. It is clear based on the evidence so far presented, a serious wrong has been committed against Mr. Jackman. See <u>U.S. v. Jackson</u>, 780 F2d. 1305, 1311 n.4 (7th Cir 1986)(governments bad faith attempts to suppress evidence indicates that such evidence may be material)

b.     The Argument presented by the government is that the "evidence is merely colorable...." The evidence is clearly exculpatory i.e. it conclusively establishes no registration requirement existed inturn showing no violation of Federal Law. If the device could not be determined to be destructive, and was not, there is no violation of Federal law. The withholding of the documentation (exculpatory evidence) required by statute is a clear showing of failure to administer the statute as held in Kyles and Wood. Because exculpatory evidence was withheld by prosecutor; judicial inquiry focuses on effect on defendant's rights, not prosecutions intentions. See <u>Brown v. Borg</u>, 951 F2d. 1011, 1015 (9th Cir. 1991) see also <u>Spicerv. Roxbury Corr. Inst.</u>, 194 F3d. 547, 558-59 (4th Cir. 1999)(Brady violation because prosecutor withheld evidence; lack of bad faith irrelevant.)

7.     The jury was instructed at trial that the case was not made, guilt was established by the prosecution screaming to the jury "we can't have Mr. Jackman making handgrenades and killing people" while holding a 2½ by 3½ foot enlarged photo of a modified pest control report. This large size (actually appx.3 inches long) had a profound effect on the jury rendering previous instructions void. The Brady

violation caused by this miscarriage of justice act is best explained in <u>Kyles v. Witley</u>, the Court explained is whether in the absence of suppressed evidence the defendant "received a fair trial, understood as a trial resulting in a verdict worthy of confidence." Therefore, to demonstrate a reasonable probability of a different outcome, the defendant must show that the favorable evidence [withheld] could reasonably be taken to put the whole case in such a different light as to undermine confidence in the verdict." The withheld evidence that establishes "no registration requirement" thus no crime committed is such evidence.

a.     The reason for the darkened copy received over (2) years after trial could only be done in a continued effort, in an ongoing withholding of exculpatory evidence. Establishing what can only be a vindictive prosecution being covered up by what can only be criminal acts. In light of the foregoing evidence so far submitted, summary judgment could not be an appropriate action by this Honorable Court, considering the evidence in question is a clear showing of actual as well as factual innocence.

   In the context of the foregoing, the same would hold true concerning claims of privacy by the DOJ, when taking into consideration the fact that most all involved in the original case against Mr.Jackman are listed on a Civil Action filed in U.S. District Court, Erie Pa. under case number 05-215 which would render any claim of privacy moot or frivilous.

8.     In order to show some other material fact exists concerning exculpatory evidence, Mr.Jackman addresses the withheld Firearm Purchase Records that have not been turned over by the prosecution going on (6) years. This information under 18USC§922 amended section (i) is information not allowed to be kept on file by any "...facility owned, managed, or controlled by the United States or any State or political subdivision thereof;... Again another showing of the failure of the prosecution to administer a statuts, or in this case, abide by it. The "knowing" portion of 18§922 comes into play i.e. with over (4) years of approved purchases and no valid sanctions imposed on Mr. Jackman he was not in any knowing violation of any laws. see exception

clause of §921(a)(20). This issue was further side stepped by the failure to fully acknowledge the restoration of rights issued by the State of North Carolina. This again a showing of no "knowing" violation of law establishing another showing of compliance with all laws. This fact further supporting the matter of Actual innocence. (restoration of rights certificate Exhibit F)

The citizenship issue was side stepped by the court, only reading into the record the warning portion of the certificate. The warning only being applicable to persons within (5) years of their conviction. Mr.Jackman was over (11) years past his conviction with the certificate restoring "all" rights forfeited on conviction. The State and Federal Agencies responsible for doing the background checks on Mr. Jackman for the prior four years clearly reguarded the restoration as valid. During this time period no denials were ever encountered by Mr.Jackman for "any" firearm purchases. This clearly establishing the excupatory nature of the purchase records.[(5) years N.C.G.S.13.1,13.2 & 14-415.1]

9.   The withheld evidence so far addressed is a clear showing of the need, as well as the reasons to preserve same evidence by the prosecution. The lack of the DOJ to be forthcomming, do what is required by statute, and to administer statutes is a failing of what is required in <u>California v. Trombetta</u>, 467 U.S. 479 488 (1984). The Supreme Court held that the Constitution requires the government to preserve evidence "that might be expected to play a significant role in the suspects defense." Such evidence must (1)"possess an exculpatory value that was apparent before the evidence was destroyed." and (2)"be of such nature that the defendant would be unable to obtain comparable evidence by other reasonably available means."

a.   In the present case it was the failure to save or measure the very small amount of powder by case agents which said amount is a determining factor of guilt or innocence (registration or no registration requirement). This determines if the alleged device is actually destructive or not. The amount per statute to be distructive is in ounces, with the actual contents being in grains which is a very small portion of an ounce, The importance being, requiring registration (guilt)

(6)

if a large enough amount, or no registration (innocence) if too small of an amount which is the case at present and reason for the failure by agents to preserve and measure the powder. It can be said with certainty that if the amount was large enough to have required the device to be registered the prosecution would have touted and monopolized this issue before the jury. The fact being it was not saved, it was "lost" and the copy made too dark for usage and witholding of FOIA requests further bolsters this fact. A clear showing in violation of Federal Rules of Criminal Procedure Rule 16(a)(1)(A) for failing to search the record exercising due diligence as shown by (if the government is correct in saying the determination does not exist) the failure to have the determination done in accordance with 26§5845(f) a statutorial requirement and failure to administer a statute. Was this or was this not done?

10.   In answering part B of the governments response the ATF stated it has submitted proper "Vaughn Indices" while continuing to rely on the privacy privilege not applicable considering the "fact" Mr. Jackman knows all the case agents. This is very disingenuous on the part of the government due it being a moot point. Being they are Mr. Jackman's accusers their statements or allegations are Constitutionally allowed to be challenged. The recent U.S. supreme Court case <u>Crawford v. Washington</u>, 158 Led.2d. 177 (2004) reitorating the Constitutional necessity of the right to confrontation.

a.   As asserted previously Mr.Jackman contends and has established clear and convincingly the withholding of documentation has nothing to do with privacy and everything to do with suppression of exculpatory evidence. This matter further is a showing of an ongoing cover-up of actual non prosecuted crimes against the United States by (C-S) confidential source Mark Bowman caught in the act dispursing supplies, materials, and equipment without authorization while further attempting to defraud the U.S. and the public with a bogus auction which lead to his investigation and making false accusations about Mr. Jackman. The property being taken from the Army Reserve Armory in Butler Pa. Another matter which FOIA's were requested and only partial or no information received. The matter most recently being referred to the

DOJ by the Department of Defense (DoD) for disclosure of information. See letter at (Exhibit G) dated October 20, 2005. Other letters concerning FOIA matters are also attached and include letters from the DOD Inspector General, Department of Justice (FBI), Department of Justice (ATF), and several letters from United States Senator Arlen Specter who made several inquiries attempting to resolve the FOIA issue. These letters and those requested by the FBI will be listed as (Exhibit H). Due to time constraints it will not be feasible to individually list by exhibits each letter but the one requested by the FBI will be listed first. The others so to say will be icing on the cake. This will surely show the attempts made by Mr. Jackman in his FOIA requests.

## CONCLUSION

In conclusion Mr. Jackman moves based on the foregoing that summary judgment requested by the government attorney's be DENIED. That a substantial showing has been made to justify trial or the ordering that the documentation requested be brought forth by both the ATF and FBI and if continued to be withheld and order issued to compel disclosure, or order the Ten Million requested to be paid, state the determinations were never done confirming the failure to administer the statute, or have a trial so an explanation can be given why the foregoing was not done and put on record,for future use,this information of actual innocence. Thank you.

Respectfully submitted,

Donald G. Jackman, Jr

(8)

## AFFIDAVIT

I, Donald G. Jackman, Jr. swear under penalty of perjury the so far presented and answered information per motion and affidavit is true and correct to the best of my ability and knowledge. That the answers were in response to the governments motions and are intended to comply with Court Order while addressing the concerns so stated in the requests. The response by Mr. Jackman is both to the FBI and ATF, being done in this manner due to an ongoing paper shortage here at Mckean FCI which has not been resolved at this time.

Other issues requiring this format are limited access to the Law Library. In order to comply with time limits imposed on Mr. Jackman, the rules, and lack of paper no other means have been presented which would physically allow Mr. Jackman to comply. Doing it in this manner will allow compliance, and the Court and both attorney's to be responded to. Both agencies and the issues involved are FOIA related and procedurally connected.

As to the FBI needing a more definite statement the foregoing response and information included should surely fulfill that need. In reguards to the ATF motion for summary judgment it should be denied and the memorandum of points and authorities should be sufficiently answered by the foregoing. The Statement of Facts will be answered and forthcoming prior to the December 30, 2005 deadline. That the documentation so far submitted has been in a timely manner. If for any reason the foregoing information fails to answer or fulfill the requests please respond with the discrepancy[s] and they will be promptly answered if possible and any issues concerning a cede not responded to is purely accidental. No cede would be forthcoming concerning privacy, exculpatory, or actual innocence matters now or later in proceedings. Thank you.

Respectfully submitted,

*[signature]*
Donald G. Jackman, Jr.

(9)

## CERTIFICATE OF SERVICE

This is to certify that the foregoing is true and correct under penalty of perjury and was on this 4th day of December, 2005 served on all parties of record by first class postage addressed as follows:

                                        Respectfully submitted,

                                        _____
                                        Donald G. Jackman, Jr. # 06804068
                                        Federal Correctional Institution, Mckean
                                        P.O. Box 8000
                                        Bradford, Pa.   16701


cc: Kenneth L. Wainstein
    United States Attorney

  : R. Craig Lawrence
    Assistant United States Attorney

  : Diane M. Sullivan
    Assistant United States Attorney
    555 4th Street, N.W.
    Civil Division
    Washington, D.C.   20530

  : Clerk's Office
    United States District Court
    Room 1225
    333 Constitution Avenue, N.W.
    Washington, D.C.   20001

  : File