## Freedom of Information / Privacy Act Request

Freedom of Information Officer
Assistant Attorney General
Criminal Division, Department of Justice
10th and Constitutional Avenue, N.W.
Washington, D.C. 20530

RE: Information request

Dear: Sir

This is a non-commercial request pursuant to the Freedom of Information Act, 5 U.S.C. § 552, as amended, and the Privacy Act of 1974, 5 U.S.C. §552 a, for a copy of all records in possession of your agency on myself or which makes reference to myself. Please find a Certificate of Identity attached.

I request a copy of all records where my name is utilized, and this request is all inclusive. This request to further include all withheld exculpatory evidence by the assistant U.S. Attorney for the Western District of PA. the Pittsburgh office. To include all firearm purchase records from 1997 till 2000 that were taken from my home, the video from the original arrest, recordings, transcripts from all proceedings including trial from Case No. 00-72 U.S. District Court for the Western District of PA also including sentencing and all hearings.

I will expect information from every retrievable source to include every system of records (including the falsified records from Catawba Co. North Carolina) which further includes computers. This request includes every investigative file. (also transcripts from weeks of usless aireal surveillance of 150 Caldwell drive Butler Pa, summer, fall 1999) I specifically request all records in reguards to electronic suivillance. Also I will expect records from every other agency which have been included in your system of records.

Exhibit A



FORENSIC SCIENCE LABORATORY

**BUREAU OF ALCOHOL, TOBACCO AND FIREARMS**

**DEPARTMENT OF THE TREASURY**

1401 RESEARCH BOULEVARD
ROCKVILLE, MD 20850

# Laboratory Report

| | |
|---|---|
| **To:** Special Agent Louis J. Weiers<br>Bureau of Alcohol, Tobacco and Firearms<br>1000 Liberty Avenue, Suite 2104<br>Pittsburgh, PA 15222 | **Date of Report:** April 06, 2000 |
| | **Lab Number:** 00N0209(1) |
| | **Reference:** 766050990029 |
| | **Title:** Donald Jackman |
| | **Type of Exam:** Explosives |

The evidence described below was received via ATF courier, on March 28, 2000.

## EXHIBITS

3.    Cardboard tube with attached metal roller bearing rollers
      3-1.    Powder sample
      3-2.    Powder sample

4.    Pest-Control Report 2000
5.    Powder sample
6.    Powder sample
7.    Powder sample

## RESULTS OF EXAMINATION

Exhibit 4 contained a "Pest-Control Report 2000". The pest-control report consisted of a 3 ¼-inch long, 0.675-inch diameter cardboard tube with an approximate 2 ½-inch length of functional 1/8-inch diameter pyrotechnic fuse protruding from one end. The fuse was inserted into a mixture of potassium perchlorate and aluminum powder, which was contained in a small cardboard insert. The remainder of the tube was hollow. The "Pest-Control Report 2000" was manufactured in the USA by MAX 2000, Inc., of Stanton, Missouri.

Accredited by The American Society of Crime Laboratory Directors

ATF F 7100.2 (8-93) PREVIOUS EDITIONS ARE OBSOLETE.

*Exhibit* **B**

00N0209(1)

Exhibit 3 contained a "Pest-Control Report 2000", which was covered with metal roller bearing rollers. An epoxy had been used to secure the rollers to the cardboard tube, and also to seal the non-fused end of the tube. Exhibit 3-1 was identified as P (pistol) grade Hodgdon Pyrodex®, a black powder substitute. Exhibit 3-2 was identified as a mixture of potassium perchlorate and aluminum powder.

Exhibits 5 and 6 were identified as P-grade Hodgdon Pyrodex®.

Exhibit 7 was identified as magnesium powder.

## DISPOSITION OF EVIDENCE

Exhibits 3, 4, 5, and 6 will be retained in the laboratory pending the receipt of a Report of Destruction by the Explosives Technology Branch. The remainder of the evidence, along with the original packaging from exhibits 3, 4, 5, and 6 will be returned via Federal Express.

Katherine M. Klontz
Forensic Chemist

REVIEWED BY:

Richard A. Strobel, Chief
Arson and Explosives Section I

KMK/kmk

412 355 4613    P.02/03



**DEPARTMENT OF THE TREASURY**
BUREAU OF ALCOHOL, TOBACCO AND FIREARMS



## STATEMENT OF EXPLOSIVES TECHNOLOGY BRANCH

|  |  |  |  |
|---|---|---|---|
| To: | Special Agent Louis J. Weiers<br>Bureau of Alcohol, Tobacco and Firearms<br>1000 Liberty Avenue, Suite 2104<br>Pittsburgh, PA 15222 | I/N: | 766050-99-0029 |
|  |  | ETB: | R-02-55 |
|  |  | Date: | March 23, 2000 |

As requested, the following items were analyzed in order to form an opinion as to the design, construction, functioning, effects and technical classification of the materials involved in this investigation:

### ITEMS SUBMITTED FOR ANALYSIS OR EVALUATION

ITEM 1.  ATF Report of Investigation, 766050-99-0029

ITEM 2.  ATF Report of Laboratory Examination, 00N0209 (1)

ITEM 3.  Physical evidence relating to this investigation.

### DEVICE DESIGN AND CONSTRUCTION

The materials evaluated in this case are consistent with an improvised explosives weapon. This device consisted of a improvised/modified Pest Control Device body, which that had contained a quantity of explosives identified by laboratory analysis as Hodgdon Pyrodex, a black powder substitute, and a mixture of potassium perchlorate and aluminum powder, and a length of pyrotechnic fuse. A quantity of metal roller bearings was also attached to this device.

### DEVICE FUNCTIONING AND EFFECTS

This device was designed to function by explosion. Lighting the pyrotechnic fuse would begin a burning delay, at the completation of this delay; the burning fuse would then ignite the explosive filler. This action in turn would then cause this device to explode. This explosion would then produce blast, thermal and fragmentation effects. The addition of the metal roller bearings would enhance this fragmentation effect. This explosion would be capable of causing property damage, and/or serious injury or death to persons near the explosion.

ATF F 3324.1  (4-98) (Formerly ATF F 3320.2, which is obsolete)

Page 1 of ___2___

*Exhibit C*

# STATEMENT OF EXPLOSIVES TECHNOLOGY BRANCH
(Continuation Sheet for ATF F 3324.1)

-2-

I/N:766050-99-0029

OPINION

Based upon the above. it is the opinion of the undersigned that
the device in this investigation would be properly identified as
an Explosive Bomb.  Explosive Bombs are destructive devices as
that term is defined in 26 U.S.C. section 5845(f).

The Explosives Technology Branch pending final disposition of
this investigation will retain evidence containing explosives or
consisting of explosives.

_____
Joseph C. Lund, Sr.
Explosives Enforcement Officer

_____
Mark E. Murray
Chief, Explosives Technology Branch

[Code of Federal Regulations]
[Title 27, Volume 1]
[Revised as of April 1, 2001]
From the U.S. Government Printing Office via GPO Access
[CITE: 27CFR179.24]

[Page 1005]

TITLE 27--ALCOHOL, TOBACCO PRODUCTS AND FIREARMS

CHAPTER I--BUREAU OF ALCOHOL, TOBACCO AND FIREARMS, DEPARTMENT OF THE TREASURY

PART 179--MACHINE GUNS, DESTRUCTIVE DEVICES, AND CERTAIN OTHER FIREARMS--Table of C

Subpart C--Administrative and Miscellaneous Provisions

Sec. 179.24  Destructive device determination.

The Director shall determine in accordance with 26 U.S.C. 5845(f), whether a device is excluded from the definition of a destructive device. A person who desires to obtain a determination under that provision of law for any device which he believes is not likely to be used as a weapon shall submit a written request, in triplicate, for a ruling thereon to the Director. Each such request shall be executed under the penalties of perjury and contain a complete and accurate description of the device, the name and address of the manufacturer or importer thereof, the purpose of and use for which it is intended, and such photographs, diagrams, or drawings as may be necessary to enable the Director to make his determination. The Director may require the submission to him, of a sample of such device for examination and evaluation. If the submission of such device is impracticable, the person requesting the ruling shall so advise the Director and designate the place where the device will be available for examination and evaluation.

[36 FR 14256, Aug. 3, 1971. Redesignated at 40 FR 16835, Apr. 15, 1975, and amended by T.D. ATF-48, 44 FR 55842, Sept. 28, 1979]



**DEPARTMENT OF THE TREASURY**
BUREAU OF ALCOHOL, TOBACCO AND FIREARMS

MAR 2 8 2002

902030:GP
02-000169
5400

Mr. Donald Jackman
950 Second Avenue
Pittsburgh, Pennsylvania 15219-3100

Dear Mr. Jackman:

This is in response to your letter dated December 24, 2001, requesting a determination on a modified pest control device. We apologize for the delay in our response.

You requested a determination on whether the modified pest control devices you wish to manufacture are regulated as a destructive device. The Bureau of Alcohol, Tobacco and Firearms (ATF) is unable to render a determination based upon the information you have provided. Please provide the total amount of synthetic black powder used in each device and a phone number so that we may contact you directly on the status of this response.

If you have any questions or require further assistance, please contact Specialist Gary Patterson with the Public Safety Branch at (202) 927-7930.

Sincerely,

Guy K. Hummel
Chief, Arson and Explosives
Programs Division

c: Bonnie Scheerbaum
   253 Rockdale Road
   Butler, Pennsylvania 16002

*Exhibit E*



# State of North Carolina

RECEIVED JAN 24 1997

PCAR140 (30)

### NORTH CAROLINA DEPARTMENT OF CORRECTION

### POST-RELEASE SUPERVISION AND PAROLE COMMISSION

JAMES B. HUNT JR.
GOVERNOR

JUANITA H. BAKER
CHAIRMAN

831 W MORGAN STREET
P O BOX 29540
RALEIGH NC 27626-0540

(919) 733-3414

COMMISSIONERS
ELBERT T. BUCK
WILLIAM A. LOWRY
CHARLES L. MANN, SR.
PEGGY M. STAMEY

RE: DOC ID: 0201997
P/PO: JCB01   CHIEF: FRL03   FACL: 516BB
### CERTIFICATE OF UNCONDITIONAL DISCHARGE

(AND RESTORATION OF FORFEITED RIGHTS OF CITIZENSHIP FOR FELONS)
KNOW EVERYONE BY THESE PRESENTS:

WHEREAS, DONALD G JACKMAN      WAS ON OCTOBER   03,1989 COMMITTED TO THE
NORTH CAROLINA DEPARTMENT OF CORRECTION FROM:

| COURT | COUNTY | SENTENCE LENGTH MIN TO MAX | CRIME | DOCKET |
|-------|--------|----------------------------|-------|--------|
| SUPERIOR | CATAWBA | 0000000   0070000 | TRAFFICK COCAINE 28- | 88015868 F |
| SUPERIOR | CATAWBA | 0000000   0050000 | POSSESS WITS SCHEDUL | 88015869 F |
| SUPERIOR | CATAWBA | 0000000   0050000 | POSSESS WITS SCHEDUL | 88015870 F |

AND WAS PAROLED OR CONDITIONALLY RELEASED ON NOVEMBER  06, 1996 AND THE
POST-RELEASE SUPERVISION AND PAROLE COMMISSION BY THE AUTHORITY OF
SECTIONS 15A-1372(C)/148.49.15(B) OF THE GENERAL STATUTES OF NORTH CAROLINA,
DOES HEREBY GRANT TO SAID OFFENDER AN UNCONDITIONAL DISCHARGE FROM
SENTENCE(S).

### FOR CONVICTED FELONS ONLY - RESTORATION OF RIGHTS

PURSUANT TO SECTION 13-1 OF THE GENERAL STATUTES OF NORTH CAROLINA, ALL RIGHTS
OF CITIZENSHIP WHICH WERE FORFEITED ON CONVICTION ARE BY LAW AUTOMATICALLY
RESTORED WITH THE EXCEPTION OF THE RIGHT TO OWN, POSSESS, RECEIVE, BUY OR
OTHERWISE ACQUIRE FIREARMS. THIS RIGHT IS PRECLUDED FOR FIVE YEARS TO SOME
FELONS BY SECTION 14-415.1 OF THE GENERAL STATUTES OF NORTH CAROLINA.

THE POST-RELEASE SUPERVISION AND PAROLE COMMISSION DOES HEREBY CERTIFY THAT,
PURSUANT TO SECTIONS 13.1/13.2/148-49.15(D) OF THE GENERAL STATUTES OF
NORTH CAROLINA, ALL RIGHTS OF CITIZENSHIP WHICH THE SAID:
DONALD G JACKMAN                              FORFEITED ON CONVICTION
ARE BY LAW AUTOMATICALLY RESTORED.

IN WITNESS WHEREOF THIS CERTIFICATE BEARING THE SEAL OF THE NORTH CAROLINA
POST-RELEASE SUPERVISION AND PAROLE COMMISSION IS ISSUED, THIS THE 16TH DAY
OF JANUARY  , 1997

COMMISSIONER: ELBERT T. BUCK

COMMISSIONER: PEGGY M. STAMEY

*Exhibit F*



**INSPECTOR GENERAL**
DEPARTMENT OF DEFENSE
400 ARMY NAVY DRIVE
ARLINGTON, VIRGINIA 22202–4704

OCT 2 0 2005

Mr. Donald G. Jackman, Jr., #06804068
Federal Correctional Institution, Mckean
P.O. Box 8000
Bradford, PA 16701

Dear Mr. Jackman:

This is in response to your appeal letter dated July 18, 2005. You are appealing the July 13, 2005, decision of Mr. Darryl R. Aaron, the Initial Denial Authority (IDA), to partially deny your Freedom of Information Act (FOIA) request 05-0188.

On July 13, 2005, the IDA stated,

> "We have identified documents that did not originate with our agency. The Department of Defense FOIA referral policy requires that the document originator make the release determination and a direct response to the requester. I have therefore referred your request and documents to the agency listed below and that office will provide you with appeal procedures for any information they withhold from you. A copy of the referral memorandum is at Enclosure 1.

> U.S. Department of Justice
> Office of the Inspector General
> Room 4261
> 950 Pennsylvania Avenue, N.W.
> Washington, DC 20530-0001.

> I have carefully reviewed the administrative documents responsive to your FOIA and determined that the enclosed documents that originated with the Office of the Inspector General of the Department of Defense may be released to you with redactions. The redactions are in accordance with the FOIA under exemption (b)(7)(C), the disclosure of information could reasonably be expected to constitute an unwarranted invasion of personal privacy in law enforcement records of individuals. Also, it is used to protect the identity of government law enforcement personnel named in the files.

*Exhibit G*

For your information, Hotline case 91231 was referred to the Army Inspector General for information and any action they deemed appropriate. No response was received from the Army Inspector General. Since no action was taken by the Army Inspector General, the Hotline closed this case after 180-days."

I have carefully reviewed your appeal and determined that all actions taken by the IDA were appropriate. This letter constitutes my final decision on your request. As the Appellate Authority, I am the official responsible for this determination. You may seek judicial review of this decision in federal court.

Sincerely,

John R. Crane
Freedom of Information Act
Appellate Authority

Donald G. Jackman, Jr. # 06804068
Federal Correctional Instituion, Mckean
P.O. Box 8000
Bradford, Pa.   16701

Thomas J. McIntyre, Chief
FOIA/PA Unit, Criminal Division
950 Pennsylvania Avenue, Suite 1127
Washington, D.C.   20530                    Date: November 28, 2005

Re: Other FOIA issues

Dear: Mr. McIntyre

     Greetings, I hope this day finds you well. There is another request
for information related to the matter from the W.D.of Pa. related
to the Secret Service coming to the Jail in Pittsburgh for an interview
based on stories that I had plans to shoot then President Clinton
and Madilin Albright. This information was from my accuser who being
caught committing acts against this country was saying and doing what
ever it took to get out of trouble by making a deal for what could
only be from a deal made. I was not involved in any criminal activity
including the alleged illegal purchases of firearms.

     Guilt was acquired through miscarriage of justice acts committed
before the jury by the AUSA. There have been several failed attempts
at acquiring documentation and the audio tapes which would conclusively
prove my claims. What can be done to receive this exculpatory evidence?
Any assistance or referral concerning this matter will be very much
appreciated. Your response is anticipated and any assistance rendered
also appreciated. Thank you.

     Sincerely,

     Donald G. Jackman, Jr.

cc: file
PS: the date for the Secret Service interview was sometime 2001.

*Exhibit H*

**U.S. Department of Justice**
Justice Management Division

**Freedom of Information Act/Privacy Act
Referral/Action Slip**

Clerk: E. White

Date: OCT 2 5 2005

Organization: JMD/FASS

Building & Room: LOC, 113

| To | From | | To | From |
|----|------|---|----|------|
| ❏ | ❏ Office of Information & Privacy | | ❏ | ❏ Immigration Review, Executive Office for |
| | | | ❏ | ❏ Inspector General, Office of |
| | | | ❏ | ❏ Intelligence Policy and Review, Office of |
| | | | ❏ | ❏ INTERPOL, U.S. National Central Bureau |
| ❏ | ❏ Antitrust Division | | ❏ | ❏ Justice Management Division Staff: _____ |
| ❏ | ❏ Bureau of Alcohol, Tobacco, Firearms and Explosives | | ❏ | ❏ Justice Programs, Office of |
| ❏ | ❏ Civil Division | | ❏ | ❏ Legal Counsel, Office of |
| ❏ | ❏ Civil Rights Division | | ❏ | ❏ National Drug Intelligence Center |
| ❏ | ❏ Community Relations Service | | ❏ | ❏ Pardon Attorney, Office of |
| ❏ | ❏ Community Oriented Policing Services | | ❏ | ❏ Professional Responsibility Advisory Office |
| ☑ | ❏ Criminal Division | | ❏ | ❏ Professional Responsibility, Office of |
| ❏ | ❏ Dispute Resolution, Office of | | ❏ | ❏ Solicitor General, Office of |
| ❏ | ❏ Drug Enforcement Administration | | ❏ | ❏ Tax Division |
| ❏ | ❏ Environment & Natural Resources Division | | ☑ | ❏ U.S. Attorneys, Executive Office for |
| ❏ | ❏ Federal Bureau of Prisons | | ❏ | ❏ U.S. Marshals Service |
| ❏ | ❏ Federal Bureau of Investigation | | ❏ | ❏ U.S. Parole Commission |
| ❏ | ❏ Federal Detention Trustee, Office of | | ❏ | ❏ U.S. Trustees, Executive Office for |
| ❏ | ❏ Foreign Claims Settlement Commission | | ❏ | ❏ _____ |

Requester: Donald G. Jackman, Jr. _____

Ref: _____

Date of Request: September 29, 2005 _____

Received By: FOIA/PA Mail Referral Unit _____ Type of Request: FOI/PA _____

Remarks: Requester advised of this referral. _____

*Exhibit H*

FORM JMD-481
Rev. Mar. 2004

TO: FOIA/PA UNIT, CRIMINAL DIVISION                    FILE NO. _____
    DOJ, KEENEY BUILDING, SUITE 1127
    950 PENNSYLVANIA AVENUE, N.W.
    WASHINGTON, D.C. 20530.                    DATE: November 28, 2005

     PRIVACY ACT NOTICE:  The following information is requested pursuant to Department
of Justice Regulations (28 C.F.R. 16.41) in order to verify your identity and to assist in
locating your records.  False information may subject the requester to criminal penalties
under 18 U.S.C. Section 1001 and/or 5 U.S.C. Section 552a(i)(3).

     I request access to records or information pertaining to me in the
system(s) of records checked on the attached list.

1.   FULL NAME (Please print):

     Jackman, Jr.              Donald                    George
     _____(LAST)_____    _____(FIRST)_____    __(MIDDLE, IN FULL)__

2.   Date of Birth: January 1, 1957 Place of Birth: Butler Co. Pennsylvania
                    mo./day/year

3.   Present address: F.C.I. Mckean, P.O. Box 8000, Bradford, Pa.  16701

4.   Prior addresses: 150 Caldwell Drive, Butler, Pa.  16002

                     Rt.2 Box 390, Hickory, N.C.  28601
5.   The approximate year or years during which you believe that a record
     about you may have been created: 1973-75,1980,1988,1999-2005

6.   The judicial district(s) or state(s) where the events occurred about
     which you believe a record may have been created:
     North Carolina,(Charlotte) W.D.Pa.Federal, Pennsylvania (Butler or Pittsburgh

7.   If married or divorced or separated, the full name of your spouse (if
     wife, please include maiden name):_____N/A_____

8.   If the record you believe to exist about you includes arrest, trial or
        conviction records:

     (a) The date of arrest, indictment or complaint against you:
     Arrest 3-14-2000, appx.4-23-2000 for indictment W.D.Pa.D.Ct.

     (b) Approximate date of conviction: February 15, 2002

     (c) Federal court and district in which trial or proceeding took place:
     U.S. District Court W.D.Pa. Pittsburgh branch

     (d) Federal offense(s) involved: Firearms possession,registation issue

     (e) Names of codefendant(s) (if any):_____N/A_____

     In accordance with Title 28, United States Code, Section 1746, I
declare under penalty of perjury that the foregoing is true and correct.

          Signature: _Donald C Jackman Jr._ Date: 11-28-2005      Rev. 10/03
                                                   Exhibit H

Donald G. Jackman, Jr. # 06804068
Federal Correctional Institution, Mckean
P.O. Box 8000
Bradford, Pa.  16701

Marie A. O'Rourke
Office of Information and Privacy
United States Department of Justice
Flag Building, Suite 570
Washington, D.C.  20530                    Date November 26, 2005

Re:FREEDOM OF INFORMATION ACT/PRIVACY ACT APPEAL (05-3250)

Dear: Ms. O'Rourke

Find enclosed the Certificate of Identity as requested. The
issue of payment was previously addressed at the start of this proceeding
and was waived due to my Indigent status in all courts at present.

The records requested pertain in part to ATF determination per
26 USC § 5845(f) performed in accordance with 27 CFR 179.24. Requested
by the Pittsburgh Pa. Office on or after March 14, 2000 and prior
to April 30, 2000 relating to U.S. District Court W.D.Pa. Case No.
00-72. The record was for a Secretary determination of (3) alleged
destructive devices submitted by same office. The determination was
unable to determine as destructive devices and the previous copy received
was made to dark to make usable copies from.

The foregoing record should be located at both the Pittsburgh
and Washington DC Offices. The next records requested are the Firearm
Purchase records dating from On or about January 1, 1997 to on or
about March 30, 2000 retained at the Pittsburgh, Pa. Office of the
FBI. This is related to the same case number above being exculpatory
evidence still withheld by the AUSA W.D.Pa.

The other related record is the audio tapes of the proceeding
of Case No. 00-72 transpiring on or about February 11, 2002 till Feb-
ruary 15, 2002. This also to include the sentencing audio tapes on
or about September 17, 2002 from the same Case No. 00-72 W.D.Pa. The
original record also contained airial surveillance from on or about
July 1999 till March 2000, the records of this activity is also re-
quested.

(1)                    *Exhibit H*

The Agents names related to the ATF Determination are SA Lund and SA Weirs from the Pittsburgh Office. The withheld evidence information was AUSA Margaret E. Picking. The air craft issue continues to be unknown. [all believe to be Pittsburgh area agents]

It is hoped the foregoing information is sufficient enough to process the request. There was also photographs taken and copies received, except, as with the determination copy the most of them are undistinguishable. They are from the same case file and involves all the prior incidents. If more information is required please respond with the request and it will be promptly sent if known. Thank you for your time, your reply is anticipated.

Very truely yours,

Donald G. Jackman, Jr.


cc: file


**(2)**

*Exhibit H*

U.S. Department of Justice

**Certification of Identity**



**Privacy Act Statement.** In accordance with 28 CFR Section 16.41(d) personal data sufficient to identify the individuals submitting requests by mail under the Privacy Act of 1974, 5 U.S.C. Section 552a, is required. The purpose of this solicitation is to ensure that the records of individuals who are the subject of U.S. Department of Justice systems of records are not wrongfully disclosed by the Department. Failure to furnish this information will result in no action being taken on the request. False information on this form may subject the requester to criminal penalties under 18 U.S.C. Section 1001 and/or 5 U.S.C. Section 552a(i)(3).

Public reporting burden for this collection of information is estimated to average 0.50 hours per response, including the time for reviewing instructions, searching existing data sources, gathering and maintaining the data needed, and completing and reviewing the collection of information. Suggestions for reducing this burden may be submitted to Director, Facilities and Administrative Services Staff, Justice Management Division, U.S. Department of Justice, Washington, DC 20530 and the Office of Information and Regulatory Affairs, Office of Management and Budget, Public Use Reports Project (1103-0016), Washington, DC 20503.

Full Name of Requester [1]  Donald G. Jackman, Jr.

Citizenship Status [2] Pennsylvania _____ Social Security Number [3]  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

Current Address  F.C.I. Mckean, P.O. Box 8000, Bradford, Pa.   16701

Date of Birth  January 1, 1957 _____ Place of Birth  Butler,Co.Pennsylvania

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct, and that I am the person named above, and I understand that any falsification of this statement is punishable under the provisions of 18 U.S.C. Section 1001 by a fine of not more than $10,000 or by imprisonment of not more than five years or both, and that requesting or obtaining any record(s) under false pretenses is punishable under the provisions of 5 U.S.C. 552a(i)(3) by a fine of not more than $5,000.

Signature [4] _Donald G. Jackman, Jr._ _____ Date  November 26, 2005

---

**OPTIONAL: Authorization to Release Information to Another Person**

This form is also to be completed by a requester who is authorizing information relating to himself or herself to be released to another person.

Further, pursuant to 5 U.S.C. Section 552a(b), I authorize the U.S. Department of Justice to release any and all information relating to me to:

Donald G. Jackman, Jr.
**Print or Type Name**

[1] Name of individual who is the subject of the record sought.

[2] Individual submitting a request under the Privacy Act of 1974 must be either "a citizen of the United States or an alien lawfully admitted for permanent residence," pursuant to 5 U.S.C. Section 552a(a)(2). Requests will be processed as Freedom of Information Act requests pursuant to 5 U.S.C. Section 552, rather than Privacy Act requests, for individuals who are not United States citizens or aliens lawfully admitted for permanent residence.

[3] Providing your social security number is voluntary. You are asked to provide your social security number only to facilitate the identification of records relating to you. Without your social security number, the Department may be unable to locate any or all records pertaining to you.

[4] Signature of individual who is the subject of the record sought.

FORM APPROVED OMB NO. 1103-0016
EXPIRES 4/31/07

FORM DOJ-361
SEPT 04

*Exhibit H*



**U. S. Department of Justice**

Criminal Division

*Washington, D.C. 20530*

CRM-200501098P

NOV 1 4 2005

Donald Jackman
Reg. No. 06804-068
Federal Correctional Institution - McKean
P.O. Box 8000
Bradford, PA 16701

Dear Mr. Jackman:

This will acknowledge receipt of your letter of September 29, 2005, requesting records relating to you.

We were unable to search for the records you requested because you have not furnished the following item(s) in compliance with 28 C.F.R. 16.41.

[ ]  <u>Certification of Identification Form</u>.  Notarized signature or Declaration pursuant to 28 U.S.C. Section 1746.

[X]  <u>Privacy Act Identification and Request Form</u>.  This form is requested because our experience indicates that many persons throughout the country have the same or similar names.

[X]  **CURRENT** <u>Descriptive List of Systems of Records Maintained by the Criminal Division</u>.  Please review this list and indicate which systems you wished searched.

A copy of each requested form is enclosed.

We are closing out this request.  Upon receipt of the completed form(s), we will assign a new number to your request and process it. Please return the requested form(s) to:

Thomas J. McIntyre, Chief
FOIA/PA Unit, Criminal Division
DOJ, Keeney Building, Suite 1127
950 Pennsylvania Avenue, N.W.
Washington, D.C. 20530.

If you treat this response as a denial, you have a right to an administrative appeal.  The appeal should be in writing and addressed to: Assistant Attorney General, Office of Legal Policy (Attention:

*Exhibit H*

Office of Information and Privacy) United States Department of
Justice, Washington, D.C. 20530.  The envelope and letter should be
clearly marked, "FOIA/PA Appeal".  If you exercise this right and
your appeal is denied, you also have the right to seek judicial
review of this action in the federal judicial district (1) in which
you reside, (2) in which you have your principal place of business,
(3) in which the records denied are located, or (4) for the District
of Columbia.

Sincerely,

Thomas J. McIntyre, Chief
Freedom of Information Act/Privacy Act Unit
Office of Enforcement Operations
Criminal Division

*Exhibit H*

 **U.S. Department of Justice**

*Washington, D.C. 20530*

OCT 2 5 2005

Donald G. Jackman, Jr.
Reg. No. 06804-068
F.C.I. - McKean
P.O. Box 8000
Bradford, PA   16701

Dear Mr. Jackman:

Your Freedom of Information Act and/or Privacy Act (FOIA/PA) request was received by this office which serves as the receipt and referral unit for FOIA/PA requests addressed to the Department of Justice (DOJ).   Federal agencies are required to respond to a FOIA request within 20 business days.   This period does not begin until the request is actually received by the component within the DOJ that maintains the records sought.

We have referred your request to the DOJ component(s) you have designated or, based on descriptive information you have provided, to the component(s) most likely to have the records. The component(s) to which your request has been forwarded are indicated on the enclosed FOIA/PA Referral/Action Slip.   All future inquiries concerning the status of your request should be addressed to the office(s) listed below:

        FOIA/PA
        Criminal Division
        Department of Justice
        950 Pennsylvania Avenue, NW, Suite 1127
        Washington, DC   20530
        (202) 616-0307

        FOIA/PA
        Executive Office for U.S. Attorneys
        Department of Justice
        600 E Street, NW, Room 7300
        Washington, DC   20530
        (202) 616-6757

Sincerely,

Ronald Deacon, Director
Facilities and Administrative
   Services Staff
Justice Management Division

Enclosure
Freedom of Information Act/Privacy Act
   Referral/Action Slip

*Exhibit* **H**

**U.S. Department of Justice**

*Executive Office for United States Attorneys*
*Freedom of Information/Privacy Act Unit*
*600 E Street, N.W., Room 7300*
*Washington, D.C. 20530*
*202-616-6757  Fax 202-616-6478*

NOV ~7 2005

Requester: <u>Donald G. Jackman, Jr.</u>          Request Number: <u>05-3250</u>

Subject of Request: <u>Self</u>

Dear Requester:

    Your recent request for records from the Executive Office for United States Attorneys (EOUSA) has been received. Before the Executive Office can begin processing your request, it is necessary for you to correct one or more deficiencies. Please comply with the paragraphs checked below:

1.   [X] A requester must provide a notarized example of his/her signature or a certification of identity under penalty of perjury. This insures that information pertaining to an individual is released only to that person. A form is enclosed for your use.

2.   [X] The files and records of United States Attorneys are maintained in over one hundred separate offices throughout the United States. Please identify the specific United States Attorney's office(s) where you believe records may be located. This would be primarily the district(s) in which a prosecution or litigation occurred.

3.   [ ] To insure that records are properly identified, provide subject's full name, current address, and date and place of birth.

4.   [X] A request must describe the records sought in sufficient detail to allow location of the records with a reasonable amount of effort (i.e., processing the request should not require an unduly burdensome effort or be disruptive of Department operations). Please provide more specific information about the records you seek, such as appropriate dates, locations, names, nature of the records, etc.

    By making a FOIA/PA request, you agree to pay fees up to $25, as stated in 28 C.F.R. §16.3(c), unless you request a waiver of fees (according to requirements in 28 C.F.R. §16.11(k)). Indigency does not constitute a basis for a fee waiver. Please note that pursuant to 28 C.F.R. §16.11, we are required to charge fees for time used to search for the documents you have requested and for duplication of all pages released to you. Normally, search time is charged at a rate of $28 per hour after the first

(Page 1 of 2)
Form No. 003 - 9/01

*Exhibit H*

NOV -7 2005

two hours which are free, and duplication fees are $0.10 per page after the first 100 pages which are free.  <u>Please do not send any payment at this time</u>!  If we anticipate that fees will exceed $25 or the amount you state in your letter (if greater than $25), we will normally notify you of our estimate of fees.  After we have received your agreement to pay for the expected fees (or you have narrowed your request to reduce fees) and we have processed your request, we will require payment for the accumulated charges before we release any documents to you (in excess of 100 free pages).  Without such payment, your request file will be closed without further action.

Once you have corrected the above deficiencies, please submit a new request for the documents.  This is a final determination and your request has been closed.  When we have received your new, corrected request, we will open a new file for you.  **Please send your new, corrected request to the address above.**

You may appeal my decision in this matter by writing within sixty (60) days from the date of this letter, to:

Office of Information and Privacy
United States Department of Justice
Flag Building, Suite 570
Washington, D.C.  20530

Both the envelope and the letter of appeal must be clearly marked "Freedom of Information Act/Privacy Act Appeal."

After the appeal has been decided, you may have judicial review by filing a complaint in the United States District Court for the judicial district in which you reside or have your principal place of business; the judicial district in which the requested records, if any, are located; or in the District of Columbia.

Sincerely,

Marie A. O'Rourke
Assistant Director

[X] Enclosure(s)

*Exhibit H*



**U.S. Department of Justice**

Office of Information and Privacy

_Telephone: (202) 514-3642_                    _Washington, D.C. 20530_

AUG 1 6 2005

Mr. Donald G. Jackman, Jr.
Register No. 06804-068
Federal Correctional Institution - McKean
P.O. Box 8000
Bradford, PA 16701

            Re:  Request No. 05-OIG-161

Dear Mr. Jackman:

        This is to advise you that your administrative appeal from the action of the Office of the
Inspector General on your request for information from the files of the Department of Justice was
received by this Office on August 9, 2005.

        The Office of Information and Privacy, which has the responsibility of adjudicating such
appeals, has a substantial backlog of pending appeals received prior to yours.  In an attempt to afford
each appellant equal and impartial treatment, we have adopted a general practice of assigning appeals
in the approximate order of receipt.  Your appeal has been assigned number **05-2494**.  Please mention
this number in any future correspondence to this Office regarding this matter.

        We will notify you of the decision on your appeal as soon as we can.  The necessity of this
delay is regretted and your continuing courtesy is appreciated.

                            Sincerely,

                            _for_ Nakeitha Gilbert

                            Priscilla Jones
                            Administrative Specialist

_Exhibit **H**_

Donald G. Jackman, Jr. # 06804068
Federal Correctional Institution, McK
P.O.Box 8000
Bradford, Pa.  16701

United States Department of Justice
Records Section
950 Pennsylvania Avenue, N.W.
Washington, D.C.   20530                    Date: July 25, 2005

Re: Correction of Erroneous System Information,

Dear: Sir, Madam

    This is a request concerning erroneous information contained
in the file possessed by you agency. This request is per Title 18
USC § 922 amended section (g). Information received through FOIA request
show in part this information that is incorrect. A copy of the full
record pertaining to myself is requested from this office to be correcte
show by other documentation that the information was incorrect, and
to return the corrected record in order to eliminate the discrepancies.

    Your assistance and cooperation in this matter is appreciated
with your response being anticipated. Thank you.


Respectfully submitted,


Donald G. Jackman, Jr.


cc: File

Exhibit H

ARLEN SPECTER
PENNSYLVANIA

COMMITTEES:
JUDICIARY
APPROPRIATIONS
VETERANS' AFFAIRS
GOVERNMENTAL AFFAIRS

☐ 711 HART SENATE OFFICE BUILDING
WASHINGTON, DC 20510-3802
202-224-4254

**United States Senate**

WASHINGTON, DC 20510-3802
specter.senate.gov

February 1, 2005

STATE OFFICES:

☐ 600 ARCH STREET, SUITE 9400
PHILADELPHIA, PA 19106
215-597-7200

✓ REGIONAL ENTERPRISE TOWER
425 SIXTH AVENUE, SUITE 1450
PITTSBURGH, PA 15219
412-644-3400

☐ SUITE B-120, FEDERAL BUILDING
17 SOUTH PARK ROW
ERIE, PA 16501
814-453-3010

☐ ROOM 1104, FEDERAL BUILDING
HARRISBURG, PA 17101
717-782-3951

☐ SUITE 3814, FEDERAL BUILDING
ALLENTOWN, PA 18101
610-434-1444

☐ 310 SPRUCE STREET, SUITE 201
SCRANTON, PA 18503
570-346-2006

☐ ROOM 377M, STEGMAIER BUILDING
WILKES-BARRE, PA 18702
570-826-6265

Mr. Donald Jackman, Jr.
# 06804068
P.O. Box 8000
Bradford, Pennsylvania 16701

Dear Mr. Jackman:

I am enclosing a copy of an interim reply that I have just received from the U.S. Department of Justice in response to my inquiry on your behalf. You may be assured that I will monitor this matter closely and advise you promptly upon receipt of all further information.

With best wishes.

Sincerely,

Arlen Specter

AS:acp
Enclosure

*Exhibit H*

ARLEN SPECTER
PENNSYLVANIA

COMMITTEES:
JUDICIARY
APPROPRIATIONS
VETERANS' AFFAIRS
GOVERNMENTAL AFFAIRS

☐ 711 HART SENATE OFFICE BUILDING
WASHINGTON, DC 20510-3802
202-224-4254

**United States Senate**

WASHINGTON, DC 20510-3802
specter.senate.gov

August 24, 2004

STATE OFFICES:
☐ 600 ARCH STREET, SUITE 9400
PHILADELPHIA, PA 19106
215-597-7200

☑ REGIONAL ENTERPRISE TOWER
425 SIXTH AVENUE, SUITE 1450
PITTSBURGH, PA 15219
412-644-3400

☐ SUITE B-120, FEDERAL BUILDING
17 SOUTH PARK ROW
ERIE, PA 16501
814-453-3010

☐ ROOM 1104, FEDERAL BUILDING
HARRISBURG, PA 17101
717-782-3951

☐ SUITE 3814, FEDERAL BUILDING
ALLENTOWN, PA 18101
610-434-1444

☐ 310 SPRUCE STREET, SUITE 201
SCRANTON, PA 18503
570-346-2006

☐ ROOM 377M, STEGMAIER BUILDING
WILKES-BARRE, PA 18702
570-826-6255

Mr. Donald G. Jackman, Jr.
Federal Correctional Institution, Mc Kean
P.O. Box 8000
Bradford, Pennsylvania  16701

Dear Mr. Jackman:

Enclosed is the reply from the United States Department of Justice in response to my inquiry on
your behalf.

I appreciate having the opportunity to assist you and hope that the information contained in this
report is helpful.  Please feel free to contact me again if I can be of any further assistance.

With best wishes.

Sincerely,

Arlen Specter

AS:acp
Enclosure

*Exhibit* **H**

ARLEN SPECTER
PENNSYLVANIA

COMMITTEES:
JUDICIARY
APPROPRIATIONS
VETERANS' AFFAIRS
GOVERNMENTAL AFFAIRS

☐ 711 HART SENATE OFFICE BUILDING
WASHINGTON, DC 20510–3802
202–224–4254

### United States Senate

WASHINGTON, DC 20510–3802
specter.senate.gov

STATE OFFICES:
☐ 600 ARCH STREET, SUITE 9400
PHILADELPHIA, PA 19106
215–597–7200

✓ REGIONAL ENTERPRISE TOWER
425 SIXTH AVENUE, SUITE 1450
PITTSBURGH, PA 15219
412–644–3400

☐ SUITE B–120, FEDERAL BUILDING
17 SOUTH PARK ROW
ERIE, PA 16501
814–453–3010

☐ ROOM 1104, FEDERAL BUILDING
HARRISBURG, PA 17101
717–782–3951

☐ SUITE 3814, FEDERAL BUILDING
ALLENTOWN, PA 18101
610–434–1444

☐ 310 SPRUCE STREET, SUITE 201
SCRANTON, PA 18503
570–346–2006

☐ ROOM 377M, STEGMAIER BUILDING
WILKES-BARRE, PA 18702
570–826–6255

January 4, 2005

Mr. Donald Jackman, Jr.
# 06804068
P.O. Box 8000
Bradford, Pennsylvania  16701

Dear Mr. Jackman:

I have received your letter and I hope I can be of assistance to you.

An inquiry to the Department of Justice has been initiated on your behalf.  Thorough inquiries
take time, but please be assured that I will contact you as soon as I receive a response from the
agency.

Sincerely,

Arlen Specter

AS/acp

*Exhibit* **H**

ARLEN SPECTER
PENNSYLVANIA

COMMITTEES:
JUDICIARY
APPROPRIATIONS
VETERANS' AFFAIRS
ENVIRONMENT AND PUBLIC WORKS

☐ 711 HART SENATE OFFICE BUILDING
WASHINGTON, DC 20510–3802
202–224–4254

**United States Senate**

WASHINGTON, DC 20510–3802

May 7, 2003

STATE OFFICES:

☐ 600 ARCH STREET, SUITE 9400
PHILADELPHIA, PA 19106
215–597–7200

☐ SUITE 2031, FEDERAL BUILDING
PITTSBURGH, PA 15222
412–644–3400

☐ ROOM 107, FEDERAL BUILDING
ERIE, PA 16501
814–453–3010

☐ ROOM 1104, FEDERAL BUILDING
HARRISBURG, PA 17101
717–782–3951

☐ 504 WEST HAMILTON STREET
SUITE 3814
ALLENTOWN, PA 18101
610–434–1444

☐ 310 SPRUCE STREET, SUITE 201
SCRANTON, PA 18503
570–346–2006

☐ ROOM 377M, 7 N. WILKES-BARRE BLVD.
WILKES-BARRE, PA 18702
570–826–6265

Mr. Donald Jackman
P.O. Box 8000
Bradford, Pennsylvania 16701

Dear Mr. Jackman,

I have received your letter and I hope I can be of assistance to you.

An inquiry to the Federal Bureau of Investigation has been initiated on your behalf. Thorough inquiries take time, but please be assured that I will contact you as soon as I receive a response from the agency.

Sincerely,

Arlen Specter

AS/acp

*Exhibit* H



**U.S. Department of Justice**

Office of Legislative Affairs

---

Office of the Assistant Attorney General                    *Washington, D.C. 20530*

January 31, 2005

The Honorable Arlen Specter
United States Senate
Washington, DC  20510

Dear Senator Specter:

The Department of Justice has received your letter dated January 4, 2005. We appreciate hearing from you.

Your inquiry has been referred to the proper Department component to prepare an appropriate response. If you have any questions in the interim, you or your staff may call the Office of Legislative Affairs. Please reference workflow number 727330 when inquiring about your letter. For your convenience, we have included a copy of your original correspondence.

Again, thank you for writing.

Sincerely,

William E. Moschella
Assistant Attorney General

Enclosure

*Exhibit* **H**



INSPECTOR GENERAL
DEPARTMENT OF DEFENSE
400 ARMY NAVY DRIVE
ARLINGTON, VIRGINIA 22202–4704

**JUL 2 6 2005**

The Honorable Arlen Specter
United States Senator
Regional Enterprise Tower
425 6th Avenue, Suite 1450
Pittsburgh, PA 15219

Dear Senator Specter:

This is in response to your letter to the Assistant Secretary of Defense for Legislative Affairs, dated April 6, 2005, on behalf of Mr. Donald G. Jackman, Jr., concerning a Freedom of Information Act (FOIA) request that was administratively closed.

On July 13, 2005, the Department of Defense Office of the Inspector General (DoD OIG) FOIA office provided Mr. Jackman a response to his FOIA request (copy enclosed), which provided Mr. Jackman with documents that originated with the DoD OIG responsive to his request. We also identified documents that did not originate with our agency, and referred Mr. Jackman's request to the Department of Justice Office of the Inspector General.

Should you have any questions regarding this matter, please contact me at (703) 604-8324.

Sincerely,

John R. Crane
Assistant Inspector General
Communications and Congressional Liaison

Enclosure:
As stated

*Exhibit H*

INSPECTOR GENERAL
DEPARTMENT OF DEFENSE
400 ARMY NAVY DRIVE
ARLINGTON, VIRGINIA 22202-4704

OCCL                                        **JUL 1 3 2005**

Mr. Donald G. Jackman, Jr.
#06804068
Federal Correctional Institution, McKean
P.O. Box 8000
Bradford, PA 16701

Dear Mr. Jackman:

This is in response to your Freedom of Information Act (FOIA) request dated
January 22, 2005. You are requesting "investigation reports and by what agency
pertaining to an investigation on or about August 13, 1999 at the Butler National Guard
[Army] Armory located in Butler, Pennsylvania" including the following information:

a. "The original investigative reports and agency[s] making said report
including investigating agents/officers."

b. "Any media reports, ads, or other related or relevant information
including dates and names of publications located therein."

c. "The disposition of said investigation, actions taken, and agency[s]
involved in said dispositions."

d. "Any and all information responsible for the initiation of said
investigation."

We have identified documents that did not originate with our agency. The
Department of Defense FOIA referral policy requires that the document originator make
the release determination and a direct response to the requester. I have therefore, referred
your request and documents to the agency listed below and that office will provide you
with appeal procedures for any information they withhold from you. A copy of the
referral memorandum is at Enclosure 1.

U.S. Department of Justice
Office of the Inspector General
Room 4261
950 Pennsylvania Avenue, N.W.
Washington, DC 20530-0001

*Exhibit H*

I have carefully reviewed the administrative documents responsive to your FOIA request and determined that the enclosed documents that originated with the Office of the Inspector General of the Department of Defense may be released to you with redactions. The redactions are in accordance with the FOIA under exemption (b)(7)(C), the disclosure of information could reasonably be expected to constitute and unwarranted invasion of personal privacy in law enforcement records of individuals. Also, it is used to protect the identity of government law enforcement personnel named in the files. (Enclosure 2)

For your information, Hotline case 991231 was referred to the Army Inspector General for information and any action they deemed appropriate. No response was received from the Army Inspector General. Since no action was taken by the Army Inspector General, the Hotline closed this case after 180-days.

You have the right to appeal this decision of withholding information from you that is responsive to your FOIA request. If you should appeal, your appeal must be in writing to the Appellate Authority:

> Mr. John R. Crane
> Assistant Inspector General
> Office of Communications and Congressional Liaison
> 400 Army Navy Drive, Room 752
> Arlington, VA 22202-4704

To be considered your appeal should be postmarked no later than 60 calendar days from the date of this letter. Please give your reasons for the appeal and write "Freedom of Information Act Appeal" printed clearly on the envelope and the letter. Also, reference your FOIA request number 05-0188 in your appeal letter, and include a copy of this letter.

I am the official responsible for this determination and have waived all processing fees. Should you have any questions regarding this matter, please contact Mr. Keith Mastromichalis at (703) 604-8723.

Sincerely,

Darryl R. Aaron
Chief
Freedom of Information Act and
  Privacy Act Office

Enclosures:
As stated

*Exhibit H*

# DOCUMENT COVER SHEET: EXEMPTIONS LIST AND APPEAL RIGHTS

**Part I – Document cover sheet**

| 1. Requesters' name  Jackman Donald | 2. File no.  05-448 | 3. Requested documents were referred by the following agency: |
|---|---|---|
| 4. Documents are being released:  [ ] at cost  [✗] without cost | 5. Package ends with documents no.:  – 2 – | 6. Total no. of documents denied:  0  – |

7. Exemptions cited for information withheld on pages released: (See Part II of explanations of exemptions)

[ ] (b)(1)   [ ] (b)(2)   [ ] (b)(3) _____   [ ] (b)(4)   [ ] (b)(5)   [ ] (b)(6)

[ ] (b)(7)(A)   [ ] (b)(7)(B)   [✗] (b)(7)(C)   [ ] (b)(7)(D)   [ ] (b)(7)(E)   [ ] (b)(7)(F)

8. Documents completely withheld:

Document no. ——Exemption       Document no. ——Exemption       Document no. ——Exemption

_____   _____       _____   _____       _____   _____

_____   _____       _____   _____       _____   _____

_____   _____       _____   _____       _____   _____

9. The records identified above have been determined to be most directly responsive to your request. Other records, describ[ed] below are available upon payment of ten (10) cents per page (or at no cost if a fee waiver is granted). These records generall[y] consist of duplicated or repetitive information that restates information contained in the package being released. A sample o[r] index of these records is included in this released. The following records are available upon written request:

                                                                  No. of pages

(a) Exhibits to Report (See index on page _____)       _____
(b) Surveillance Reports (See sample page _____)       _____
(c) Interagency Telegrams and Messages (See sample page _____)   _____
(d) Property Disposition records (See sample page _____)   _____
(e) Newspaper or magazine article (See sample page _____)   _____
(f) Miscellaneous (See sample page)                      _____

Note: To obtain copies of these records, identify the records you want, count the pages and multiply by ten (10) cents. Send a check or money order payable to Bureau of Alcohol, Tobacco, Firearms and Explosives (ATF) and mail to Chief, Disclosure Branch, ATF, 650 Mass. Ave., Rm 8400, Washington, DC. Request promptly for best service, as files are returned to field offices fifteen (15) days after this notice is mailed to you.

(Parts II and III on reverse side)

*Exhibit H*

U.S. Department of Justice

Federal Bureau of Investigation

*Washington, D.C. 20535*

JANUARY 12, 2004

DONALD GEORGE JACKMAN JR
**06804068
POST OFFICE BOX 8000
BRADFORD, PA 16701

Subject: JACKMAN, DONALD GEORGE (JR)

FOIPA No. 0985691- 001

Dear Mr. Jackman:

      The enclosed documents were reviewed under the Freedom of Information/Privacy Acts (FOIPA), Title 5, United States Code, Section 552/552a. Deletions have been made to protect information which is exempt from disclosure, with the appropriate exemptions noted on the page next to the excision. In addition, a deleted page information sheet was inserted in the file to indicate where pages were withheld entirely. The exemptions used to withhold information are marked below and explained on the enclosed Form OPCA-16a:

|  | Section 552 |  |  |  | Section 552a |
|---|---|---|---|---|---|
| ☐(b)(1) |  | ☐(b)(7)(A) |  |  | ☐(d)(5) |
| ☒(b)(2) |  | ☐(b)(7)(B) |  |  | ☒(j)(2) |
| ☐(b)(3) Rule 6(e) |  | ☒(b)(7)(C) |  |  | ☐(k)(1) |
| _____ |  | ☒(b)(7)(D) |  |  | ☐(k)(2) |
| _____ |  | ☒(b)(7)(E) |  |  | ☐(k)(3) |
| _____ |  | ☐(b)(7)(F) |  |  | ☐(k)(4) |
| ☐(b)(4) |  | ☐(b)(8) |  |  | ☐(k)(5) |
| ☐(b)(5) |  | ☐(b)(9) |  |  | ☐(k)(6) |
| ☐(b)(6) |  |  |  |  | ☐(k)(7) |

413  **page(s)** were reviewed and 360  **page(s)** are being released.

☐  Document(s) were located which originated with, or contained information concerning other
    Government agency(ies) [OGA]. This information has been:

    ☐  referred to the OGA for review and direct response to you.

    ☐  referred to the OGA for consultation. The FBI will correspond with you regarding this
       information when the consultation is finished.

☒ You have the right to appeal any denials in this release. Appeals should be directed in
writing to the Co-Director, Office of Information and Privacy, U.S. Department of Justice, Flag
Building, Suite 570, Washington, D.C. 20530-0001 within sixty days from the date of this letter.
The envelope and the letter should be clearly marked "Freedom of Information Appeal" or
"Information Appeal." Please cite the FOIPA number assigned to your request so that it may be easily
identified.

*Exhibit H*

☐ The enclosed material is from the main investigative file(s) in which the subject(s) of your request was the focus of the investigation. Our search located additional references, in files relating to other individuals, or matters, which may or may not be about your subject(s). Our experience has shown, when ident, references usually contain information similar to the information processed in the main file(s). *Because of our significant backlog, we have given priority to processing only the main investigative file(s).* If you want the references, you must submit a separate request for them in writing, and they will be reviewed at a later date, as time and resources permit.

☐ See additional information which follows.

Sincerely yours,

David M. Hardy
Section Chief
Record/Information
    Dissemination Section
Records Management Division

Enclosures (2)

*Exhibit H*

U.S. Department of Justice

Bureau of Alcohol, Tobacco,
Firearms and Explosives

JAN 2 8 2005

Washington, DC 20226

www.atf.gov

Refer to:  05-448

Mr. Donald G. Jackman Jr
# 06804068  F.C.I.
McKean
P.O. Box 8000
BRADFORD  PA  16701

Dear Mr. Jackman:

This is in response to your Freedom of Information Act request for access to information maintained by the Bureau of Alcohol, Tobacco, Firearms and Explosives.

Your request is granted in part.  We are releasing the disclosable portions of the documents and withholding portions for the reasons shown on the cover sheet that accompanies the documents: Names of our special agents have been withheld pursuant to Title 5 U.S.C. 552 (b)(7)(C).

Insofar as deletions were made you have the right to file an administrative appeal. If you choose to appeal you may follow the procedure outlined on the reverse of the cover sheet.

Sincerely,

Marilyn R. LaBrie
Disclosure Specialist

*Exhibit* **H**



**U.S. Department of Justice**

Office of Information and Privacy

---

*Telephone: (202) 514-3642*

*Washington, D.C. 20530*

NOV 21 2003

Mr. Donald G. Jackman, Jr.
Register No. 06804-068
Federal Correctional Institution
Post Office Box 8000
Bradford, PA 16701

     Re:    Request No. 985691

Dear Mr. Jackman:

     This is to advise you that your administrative appeal from the action of the Federal Bureau of Investigation on your request for information from the files of the Department of Justice was received by this Office on November 14, 2003.

     The Office of Information and Privacy, which has the responsibility of adjudicating such appeals, has a substantial backlog of pending appeals received prior to yours. In an attempt to afford each appellant equal and impartial treatment, we have adopted a general practice of assigning appeals in the approximate order of receipt. Your appeal has been assigned number **04-0343**. Please mention this number in any future correspondence to this Office regarding this matter.

     We will notify you of the decision on your appeal as soon as we can. The necessity of this delay is regretted and your continuing courtesy is appreciated.

                 Sincerely,

                 Priscilla Jones
                 Administrative Specialist

*Exhibit H*



**U.S. Department of Justice**

Office of Information and Privacy

---

*Telephone: (202) 514-3642*          *Washington, D.C. 20530*

FEB 0 9 2005

Mr. Donald G. Jackman, Jr.
Register No. 06804-068
Federal Correctional Institution - Mckean
P.O. Box 8000
Bradford, PA 16701

      Re: Request No. PJC/05-442

Dear Mr. Jackman:

      This is to advise you that your administrative appeal from the action of the Bureau of Alcohol, Tobacco, Firearms, and Explosives on your request for information from the files of the Department of Justice was received by this Office on January 31, 2005.

      The Office of Information and Privacy, which has the responsibility of adjudicating such appeals, has a substantial backlog of pending appeals received prior to yours. In an attempt to afford each appellant equal and impartial treatment, we have adopted a general practice of assigning appeals in the approximate order of receipt. Your appeal has been assigned number **05-0953**. Please mention this number in any future correspondence to this Office regarding this matter.

      We will notify you of the decision on your appeal as soon as we can. The necessity of this delay is regretted and your continuing courtesy is appreciated.

           Sincerely,

           Priscilla Jones
           Chief, Administrative Staff

*Exhibit H*

To: Marilyn R. LaBrie                    Date: February 3, 2005

Re: Your January 28, 2005 response

Dear: Ms. LaBrie

    Thank you for your response and the documentation sent. Enclosed
find a copy of what was received by your office and a copy already in my
possession of an unedited version. This is not the information that was
requested. This information was determined in court to be false and tes-
tified to by Agent Weirs to have been back dated. The report had been made
up 2 weeks prior to court and 2 years after the initial aquiring of the
items in question.

    Further verification of this can be found in the fact that the labor-
atory report referenced was not yet completed when the alledged report
was made. This fact lead to the admitting in court of this falsifying of
documentation. This report is also not one authorized by statute or 27 CFR
179.24. The determination authorized by 27 CFR 179.24 is the documentation
requested. It is a requirement to prosecution. If is being said that this
no longer exists when the documentation was included in discovery is ob-
struction of justice. The copy in discovery was just copied very dark in
what appears to be an attempt to hide this important fact.

    Based on the foregoing and enclosed documentation it is again that
the Secretary's determination be supplied as requested. If not supplied
than treat this correspondence as an appeal of the denial of requested
information. This matter is being pursued (the illegal prosecution) in civil
court at present and could include another co-conspirator by a simple att-
achment. It is not the intent to include others who are unknowing about
the bad faith acts of out of hand agents, except the need of the docu-
mentation far out weighs any consideration to the legal costs incurred by
those included to the case.

    Furthermore there was also a determination done by the Secretary
on a submission of the same device put in by my self that came back with
the same conclusion reached by the Secretary as was reached on the actual
and required determination submitted by the prosecution. The regulations
are in place to keep agents and others related to cases from fbricating

                                        *Exhibit* **H**

evidence or withholding exculpatory evidence. The item in question was not a bomb, was not designed as a bomb, was not redesigned as a bomb, just a means to scare off geese and profit from the excessive geese problem so many are having. Again I request the determination done bt the Secretary that is consistent with the determination rendered by my submission. Your assistance and cooperation is anticipated. Thank you.

Sincerely,

Donald G. Jackman, Jr.# 06804068
Federal Correctional Institution, Mckean
P.O.Box 8000
Bradford, Pa. 16701

cc: file
  : enclosures

(2)

*Exhibit H*

To: U.S. Department of Justice Office of Information and Privacy

Re: Appeal of request no. PJC/05-442

Dear: Sir, Madam                              Date: January 23, 2004

    This is an appeal of a ATF F.O.I.A. request from a denial dated January 18, 2005. The information on the FOIA request was a secondary request due to the original document copy received being too dark to make a readable copy from. This information is necessary for ongoing litigation involving in part the withholding of said information from the original proceedings. (obstructing justice)

    Being the other documents were legible (a 5 foot stack) and the most important to defense not legible it could not honestly be said it was an accident. This inference is further based on the fact several of the initial warrants and complaints have different signatures when all were issued by the same magistrate. These are very obvious differences.

    It is further not understood why this information was initially sent and now is being withheld? It is no more than a determination required by 27 CFR 179.24 and 28 USC § 5845 (f). This information was necessary to either prosecute or not prosecute and being it shows no violation and grounds to prosecute it is understood why it is being withheld. Showing absolutely a malicious, vindictive, and out right illegal prosecution. Is not the withholding of excupatory evidence a crime?

    It is hoped this matter will be resolved to avoid further litigation resulting in personal expense and implication in the conspiracy to deprive a citizen of constitutional rights. Enclosed are copies of applicable regulations and statutes. It is clear by the statutes that the information is required to prosecute. Is this information withholding a continuation of a cover-up? This is not an accusation just an observation based on the available information before me or as is the case not before me.

    The not providing of this information will only bolster the case made on this issue. That being a conspiracy to deprive rights under 18 USC § 241 & 242. I anticipate your response and assistance in the above matter. Thank you.

                        Sincerely,

            (1)

*Exhibit H*

_Donald G. Jackman, Jr._

Donald G. Jackman, Jr. # 06804068
Federal Correctional Institution, Mckean
P.O.Box 8000
Bradford, Pa. 16701

cc:File
:Sen. Specter
:Enclosures

statutes 552 (b)
5845 (f)      } sent with original
CFR 27.179.24

(2)

_Exhibit H_



**U.S. Department of Justice**

Bureau of Alcohol, Tobacco,
Firearms and Explosives

Washington, DC 20226
www.atf.gov

JAN 1 8 2005

REFER TO: PJC/05-442

Donald G. Jackman Jr.
06804-068
FCI, McKean
P.O. Box 8000
Bradford, PA 16701

RE: Freedom of Information Act (FOIA) Request

Dear Mr. Jackman:

This is in response to your Freedom of Information Act (FOIA) request to the United
States Department of Justice, Federal Bureau of Investigation. During their search, they
recovered documents which were found to have originated with this agency. They were
referred to us for disclosure determination and direct response to you.

These documents fall within a restriction which prohibits the release of these documents.
Therefore, you request is denied pursuant to Title 5 U.S.C. 552(b)(3) and the 2005
Consolidated Appropriations Act, Pub. L. No. 108-447.

Insofar as your request has been denied, you have the right to submit an administrative
appeal. Your request must be in writing and addressed to the U.S. Department of Justice,
Office of Information and Privacy, Flag Building, Suite 570, Washington, DC 20530-
0001. If you submit an appeal, please state that your appeal concerns an ATF FOIA
request, and refer to case number PJC/05-442. Your appeal must be received within sixty
days of the date of this letter.

Sincerely,

Peter J. Chisholm
Disclosure Specialist

Enclosure

*Exhibit H*



**U.S. Department of Justice**

Office of Information and Privacy

_____

*Telephone: (202) 514-3642*    *Washington, D.C. 20530*

**MAR 1 6 2005**

Mr. Donald G. Jackman, Jr.
Register No. 06804-068
Federal Correctional Institution, McKean
P.O. Box 8000
Bradford, PA 16701

   Re: Your letter of February 27, 2005

Dear Mr. Jackman:

  This is to advise you that your administrative appeal from the action of the Federal Bureau of Investigation on your request for information from the files of the Department of Justice was received by this Office on March 8, 2005.

  The Office of Information and Privacy, which has the responsibility of adjudicating such appeals, has a substantial backlog of pending appeals received prior to yours. In an attempt to afford each appellant equal and impartial treatment, we have adopted a general practice of assigning appeals in the approximate order of receipt. Your appeal has been assigned number **05-1248**. Please mention this number in any future correspondence to this Office regarding this matter.

  We will notify you of the decision on your appeal as soon as we can. The necessity of this delay is regretted and your continuing courtesy is appreciated.

      Sincerely,

      Priscilla Jones
      Chief, Administrative Staff

*Exhibit* **H**



**U.S. Department of Justice**

Office of Information and Privacy

---

*Telephone: (202) 514-3642*　　　　　　*Washington, D.C. 20530*

MAR - 9 2004

Mr. Donald G. Jackman, Jr.
Register No. 06804-068
Federal Correctional Institution　　Re:　Appeal No. 04-0343
Post Office Box 8000　　　　　　　　　Request No. 985691
Bradford, PA  16701　　　　　　　　　 RLH:ADW:MJS

Dear Mr. Jackman:

　　　You appealed from the action of the Headquarters Office of the
Federal Bureau of Investigation on your request for access to records
concerning you.

　　　After carefully considering your appeal, and as a result of
discussions between FBI personnel and a member of my staff, the FBI
conducted a further search and located records responsive to your
request.  Accordingly, I have decided to remand your request to the
FBI for processing of the responsive records.  The FBI will send the
releasable portions of these records to you directly.  If you are
dissatisfied with the FBI's ultimate action on these records, you may
appeal again to this Office.

　　　If you are dissatisfied with my action on your appeal, you may
seek judicial review in accordance with 5 U.S.C. § 552(a)(4)(B).

　　　　　　　　　　　　　　　Sincerely,

　　　　　　　　　　　　　　　Richard L. Huff
　　　　　　　　　　　　　　　Co-Director

*Exhibit H*



**U.S. Department of Justice**

Office of Information and Privacy

---

*Telephone: (202) 514-3642*                    *Washington, D.C. 20530*

APR 18 2005

Mr. Donald G. Jackman, Jr.
Register No. 06804-068
Federal Correctional Institution    Re:   Appeal No. 05-1247
Post Office Box 8000                       Request No. 05-448
Bradford, PA  16701                        RLH:BVE:JTR

Dear Mr. Jackman:

     You appealed from the action of the Bureau of Alcohol, Tobacco, Firearms, and Explosives in response to your request for access to records concerning a "copy of the E.T.B. determination of the 3 alleged destructive devices submitted by Mr. Lund, Sr.," as outlined in your letter of February 27, 2005.

     After carefully considering your appeal, I have decided to affirm the ATF's action on your request.  Though you assert that the ATF has withheld documents from you, a member of my staff has confirmed that there are no additional records responsive to your request.

     The two pages released to you are exempt from the access provision of the Privacy Act of 1974 pursuant to 5 U.S.C. § 552a(j)(2).  See 28 C.F.R. § 16.106 (2004).  Because this record is not available to you under the Privacy Act, your request has been reviewed under the Freedom of Information Act in order to afford you the greatest possible access to the records you requested.

     The ATF properly withheld certain information that is protected from disclosure under the FOIA pursuant to 5 U.S.C. § 552(b)(7)(C).  This provision concerns records or information compiled for law enforcement purposes, the release of which could reasonably be expected to constitute an unwarranted invasion of the personal privacy of third parties (including, in this instance, the names of law enforcement personnel).  I have determined that this information is not appropriate for discretionary release.

*Exhibit H*

-2-

If you are dissatisfied with my action on your appeal, you may
seek judicial review in accordance with 5 U.S.C. § 552(a)(4)(B).

Sincerely,

Richard L. Huff
Co-Director



**U.S. Department of Justice**

Bureau of Alcohol, Tobacco,
Firearms and Explosives

Washington, DC 20226
www.atf.gov

JAN 1 8 2005

REFER TO: PJC/05-442

Donald G. Jackman Jr.
06804-068
FCI, McKean
P.O. Box 8000
Bradford, PA 16701

RE: Freedom of Information Act (FOIA) Request

Dear Mr. Jackman:

This is in response to your Freedom of Information Act (FOIA) request to the United States Department of Justice, Federal Bureau of Investigation. During their search, they recovered documents which were found to have originated with this agency. They were referred to us for disclosure determination and direct response to you.

These documents fall within a restriction which prohibits the release of these documents. Therefore, you request is denied pursuant to Title 5 U.S.C. 552(b)(3) and the 2005 Consolidated Appropriations Act, Pub. L. No. 108-447.

Insofar as your request has been denied, you have the right to submit an administrative appeal. Your request must be in writing and addressed to the U.S. Department of Justice, Office of Information and Privacy, Flag Building, Suite 570, Washington, DC 20530-0001. If you submit an appeal, please state that your appeal concerns an ATF FOIA request, and refer to case number PJC/05-442. Your appeal must be received within sixty days of the date of this letter.

Sincerely,

Peter J. Chisholm
Disclosure Specialist

Enclosure

*Exhibit H*

To: Information and Privacy

RE: Appeal, Information Received January 19, 2005

Dear: Chief, Disclosure Branch                    Date: February 27, 2005

Greetings, this is a formal in writing appeal to disclose other withheld information from File No. 05-478. The first matter involves only receiving 1-4 pages out of (5 six) of seizure form Asset ID: 800-FBI-00299. It shows violation statute as being 21 USC 881. My question is how is that possible when my case had absolutely "NOTHING" to do with drugs? None of my firearms were the proceeds of any illegal activity, including drugs. Which brings me to the second issue. Why are my purchase records (showing approved purchases) still being withheld?

The issue involves the continued and ongoing refusal to supply the E.T.B determination requested by Joseph C Lind, Sr. I am sending copies unedited so there is no misunderstanding of who I am talking about and referencing. Again this goes back to the same backdated report referencing Katherine M Klinzie and her disposition of evidence. Linds Statement (omitted) states the device is a destructive bomb yet never tested it. I personally had my own determination done by E.T.B which was unable to determine it to be a destructive device.

Linds opinion not only goes against the determinations but also the laws of physics. The claim he made about causing property damage or death to persons near the explosion is nonsense. Finding the fact I'm writing to you after standing right beside 3 different ones during testing to insure they would cause damage or injury, let alone death. That is a totally false statement who one goal was favor to the prosecution at the cost of both or fact. It is understandable why the information is being withheld which was a requirement of 26 USC 5845(f) and 27 CFR 179.24

This withholding of exculpatory evidence has violated my Sixth Amendment Right to confrontation recently upheld in U.S. Ct 2005 Crawford v. Washington. Again I request a readable and copyable copy of the E.T.B determination of the 3 alleged destructive devices submitted by Mr. Lind Sr. It is the hope to avoid having to bring this matter into the court, and being this information was to be presented prior to trial it will only result in a ruling an

(1)                    Exhibit H

favorable to the ATF. It is my hope to avoid this. The request is only for
that which the law required. I also ask that when the response is sent
it will not have the names covered over to keep from having to request
a court order for this evidence in ongoing post conviction proceedings. I
do have my poor copy so it wont be said the report does not exist
and the ATF determination per my request. Your cooperation is appreciated and reply anticipated. Thank you

Very truly yours

Donald G. Jackman Jr. # 06804068
Federal Correctional Institution McKean
PO Box 8000
Bradford, PA 16701

P.S. Another confidential issue involves Federal Bureau of Investigation File # 266A-
PG-66703 (1270 PSSOR-202) Investigation on 9/23/00 stamped Oct 13 2000
FBI-PITTSBURGH Date of transcription 09/26/2000. This involves statements
made by an accuser required to be disclosed under the 6th amendment. I
would appreciate a clear copy. Thank you

P.S.S. Please copy and return enclosures. thank you

CC: file -enclosures

*Exhibit H*

Re: Freedom Of Information Act Request (F.O.I.A)

Dear: Inspector General                                    Date: March 8, 2005

        Greetings, the information requested is for investigation reports and by
usual agency pertaining to an investigation on or about August 13, 1999 at
the Butler National Guard (Army) Arms, located in Butler, Pennsylvania.
        The person being investigated was Sargent Mark Bauman in reference
to an ad for an auction (bogus) at the Butler Armory by Mr. Bauman as part
of a scam he was attempting to perpetrate.
        The information requested is as follows:

        1) The original investigation reports and copies of [all] materials and
[said] [report] including investigating agents/officers.

        2) Any media reports, cuts, or other related or relevant information
including dates and names of publications located therein.

        3) The disposition of said investigation, actions taken and agency[s]
involved in said disposition.

        4) Any and all information responsible for the initiation of said investi-
gation.

        Your assistance and cooperation is anticipated and your prompt
reply appreciated. Thank you.

                                        Sincerely,
                                        Donald G. Juckman, Jr.
                                        Donald G. Juckman, Jr. # 06804068
                                        Federal Correctional Institution McKean
                                        P.O Box 8000
                                        Bradford, Pa. 16701    Exhibit H

cc: file



INSPECTOR GENERAL
DEPARTMENT OF DEFENSE
400 ARMY NAVY DRIVE
ARLINGTON, VIRGINIA 22202–4704

OCCL

MAR 28 2005

Mr. Donald G. Jackman, Jr.
#06804068
Federal Correctional Institution, McKean
P.O. Box 8000
Bradford, PA 16701

Dear Mr. Jackman:

    This letter is in response to your amended Freedom of Information Act (FOIA) request, dated March 18, 2005, received March 28, 2005. You are requesting investigation reports relating to Sgt Mark Bowman during the summer/fall of 1999.

    In your fee declaration, you indicated you were not willing to pay fees for processing your request. Therefore, we are administratively closing your FOIA case file 05-0188.

                                Sincerely,

                                Darryl R. Aaron
                                Chief
                                Freedom of Information Act/
                                    Privacy Act Office

*Exhibit H*



**INSPECTOR GENERAL**
DEPARTMENT OF DEFENSE
400 ARMY NAVY DRIVE
ARLINGTON, VIRGINIA 22202–4704

OCCL

MAR 1 5 2005

Mr. Donald G. Jackman, Jr.
#06804068
Federal Correctional Institution, McKean
P.O. Box 8000
Bradford, PA 16701

Dear Mr. Jackman:

This letter is in response to your Freedom of Information Act (FOIA) request, dated March 8, 2005, received March 14, 2005. You are requesting investigation reports to an investigation on or about August 13, 1999 at the Butler National Guard (Army) Armory.

We are unable to further process your request, because you did not submit a fee declaration. The Department of Defense FOIA policy requires that a requester for records under the FOIA must express a clear willingness to pay fees associated with processing. Your fee declaration must be in writing and indicate a dollar amount you are willing to pay for the processing of your request.

If we do not hear from you within 30 calendar days, we will administratively close your FOIA case file 05-0188.

Sincerely,

Darryl R. Aaron
Chief
Freedom of Information Act/
    Privacy Act Office

*Exhibit* **H**

Re: FIOA request file no. 05-0188

Dear Mr. Aaron                                    Date: March 18, 2005

Thank you for your response to F.O.I.A. (5 USC § 552 as amended) request assign to case file no. 05-0188. The request also per the Privacy Act of 1974 (5 USC § 552a) for a copy of all requested information (investigation, media reports, adls, action taken, investigating agency act) relating to Sgt Mark Plautman during the summer/fall of 1999. Your response of March 15, 2005 you requested a fee declaration, it is as follows:

I Donald G. Jackman Jr. do swear under penalty of perjury that I am indigent being of pauper status since March 19, 2000. This request should be processed pursuant the Privacy Act which provides that "no fees" shall be charged for locating and retrieving records (5 USC § 552a (f)(5)). Costs have been waived in all other previous requests. This I declare to be true, done per your request.

Donald G. Jackman Jr.        Dt: 3-18-2005        Dollar amount indicated 0

[This shall suffice per your request]

Furthermore provided by the Act is a response in (10) days on F.O.I.A. requests. The requested information contains "No" information related to national security only the investigation of criminal conduct by Mr. Buchner all being of public record with no need to edit files which will lead to more filings and more paper work for you and all concerned. Your cooperation is appreciated while your response anticipated. Thank you.

Sincerely,

Donald G. Jackman Jr. # 06804-068
Federal Correctional Institution, McKean
P O Box 8000
Bradford, Pa. 16701

*Exhibit H*

cc: file

To: INSPECTOR GENERAL, Department of Defense

Re: Appeal of F.O.I.A. denial

Dear: Sir                                    Date: April 4, 2005


Greetings, this concerns the March 28, 2005 correspondence from
Darryl R. Aaron, Chief FIOA/PA Office. Case file number 05-0188 relating
to a request for investigative reports about Sgt. Mark Bowman. This request
was denied for not listing an amount I would be willing to pay to process
the request. The secondary letter cited the applicable law which did not
require a payment to receive FOIA documentation.

Based on this fact appeal is taken on the denial of the requested
information which should have been included in the discovery materials
prior to trial. This is a Constitutional due process and equal protection
issue actionable in federal courts. Your assistance and cooperation in re-
solving this matter is appreciated, your response is anticipated. Thank
you.


                                   Sincerely,

                                   Donald G. Jackman, Jr. # 06804068
                                   Federal Correctional Institution, Mckean
                                   P.O.Box 8000
                                   Bradford, Pa.  16701


cc:File

U.S. Department of Justice

Federal Bureau of Investigation

*Washington, D.C. 20535*

DONALD GEORGE JACKMAN JR                    October 31, 2003
**06804068
POST OFFICE BOX 8000
BRADFORD, PA 16701

Request No.: 0985691- 000
Subject: JACKMAN, DONALD GEORGE
(JR)

Dear Mr. Jackman:

This is in response to your Freedom of Information-Privacy Acts (FOIPA) request noted above.

To promptly respond to our requests, we concentrate on identifying main files in the Central Records System at FBI Headquarters. No records pertinent to your FOIPA request were located by a search of the automated indices.

You may file an administrative appeal by writing to the Co-Director, Office of Information and Privacy, United States Department of Justice, Flag Building, Suite 570, Washington, D.C. 20530, within sixty days from receipt of this letter. The envelope and the letter should be clearly marked "Freedom of Information Appeal" or "Information Appeal." Please cite the FOIPA number assigned to your request so that it may be easily identified.

Sincerely yours,

David M. Hardy
Section Chief,
Record/Information
Dissemination Section
Records Management Division

*Exhibit H*

RE: Request No: 0985691-000

From: Donald G. Jackman, Jr.# 06804068
Federal Correctional Institution, McKean
P.O. Box 8000
Bradford, P.A. 16701

Dear: Co-Director

    This is in response to the October 31, 2003 letter from David M. Hardy, in reference to the above listed request number. His response states "No records pertinent to your FOIPA request were located by a search of the automated indices". How can that be when the requested information was used to make/fabricate a case against me which now has me in federal prison. Being this information is not contained in your file, where did the information used in my case come from?

    {Under 5 § 552a relating to "Records maintained on individuals" including the civil and criminal penalties that will be imposed for withholding of this information or not informing a person of it.} The answer given is not acceptable or is impossible. On the other hand it means no records exist which means my entire federal prosecution is a fraud based on fabricated information.

    Again I request the information contained in Request No: 0985691-000 and if not supplyed this letter is to also give notice of persuing civil and criminal resolve in the federal courts. Thank you.

Very Truly Yours

Donald G. Jackman, Jr.

P.S. Hand written copy

Exhibit H



**U.S. Department of Justice**

**Federal Bureau of Investigation**

*Washington, D.C. 20535*

*October 24, 2003*

DONALD GEORGE JACKMAN JR
**06804068
POST OFFICE BOX 8000
BRADFORD, PA 16701

Request No.: 0985691- 000
Subject:JACKMAN, DONALD GEORGE (JR)

*Dear Mr. Jackman:*

☒    This acknowledges receipt of your Freedom of Information-Privacy Acts (FOIPA) request to the FBI. The FOIPA number listed above has been assigned to your request.

☐    For an accurate search of our records, please provide the complete name, alias, date and place of birth for the subject of your request. Any other specific data you could provide such as prior addresses, or employment information would also be helpful. If your subject is deceased, please include date and proof of death.

☐    To make sure information about you is not released to someone else, we require your notarized signature or, in place of a notarized signature, a declaration pursuant to Title 28, United States Code 1746. For your convenience, the reverse side of this letter contains a form which may be used for this purpose.

☐    If you want the FBI's Criminal Justice Information System (CJIS) to perform a search for your arrest record, please follow the enclosed instructions in Attorney General Order 556-73. You must submit fingerprint impressions so a comparison can be made with the records kept by CJIS. This is to make sure your information is not released to an unauthorized person.

☐    We are searching the indices to our central records system at FBI Headquarters for the information you requested, and will inform you of the results as soon as possible.

☐    Processing delays have been caused by the large number of requests received by the FOIPA. We will process your request(s) as soon as possible.

Your request has been assigned the number indicated above. Please use this number in all correspondence with us. Your patience is appreciated.

Sincerely yours,

David M. Hardy
Section Chief,
Record/Information
  Dissemination Section
Records Management Division

*Exhibit H*

RE: No reply to repeated requests

Dear: Director                                    Date: September 26, 2004

     This is no less then the 4th letter written in so many months attempting to get a legible copy of a determination made by your office concerning an aledged distuctive device. The (3) determinations listed on your report all came back unable to determin any of them to be a distuctive device. To further help in resolving this matter I have enclosed a 2 sided copy of the determination recieved on my filing and this is the case number from the filing by Special Agent Louis J. Weiers from the Pittsburgh PA. Office. Investigation NO: 7.6605-99-0029 filed on or around March 23, 2000.

     The copies recieved in my discovery materials were copies excessively dark in what appears an attempt to "hide" this exculpatory evidence. Attempts at copying this material only renders a usless copy that cant be made out. The copy recieved can be made out except copies needed for court filings are unable to be made.

     The determination needed lists 3 items on the report and again it is requested. I anticipate your prompt reply. I look forward to your cooperation and thank you very much for your time.

Very truely yours

Donald G. Jackman Jr. # 06804-068
Federal Correctional Inst. Lt. in McKean
P.O. Box 8000
Bradford, PA. 16701

cc: file

*Exhibit H*

To: Public

RE: No Reply

Dear: P.I.S                                    Date: September 26, 2004

This is the 3rd correspondence to your office since summer began and no responce to either has been recieved. The same holds true to letters sent to the A.T.F. Laboratory concerning copies of determinations made that showed "firecrackers" (devices) to not be destructive devices. This information was provided in discovery materials except was made so dark copies do not come out able to be read.

The issues in particular sent to your office involved the Federal Court in pittsburgh pa including but not limited to the following: Altered trial transcripts, miscarriage of justice acts, obstruction of justice, improper jury selection (omitted all N.R.A. members), false information bail dated reports and vindictive prosecution to name a few.

This pertaining to case No. 00-72 U.S. District Court Western District of Pennsylvania. If this complaint was recieved and in process I wish to know the status? If not recieved is more than likely a branch out of the legal mail problem here at Mckean. Any information on the above is appreciated while your reply is anticipated.

Very truly yours

Donald G. Jackman, Jr. #06804068
Federal Correctional Institution, Mckean
P.O. Box 8000
Bradford, PA. 16701

cc: file

*Exhibit H*

RE: Discovery Materials

Dear Mr. Huff

      Greetings, thank you for your prior assistance relating to your March 9, 2004 correspondence. I have included a copy of the letter for your reference. I guess I am to believe the materials sent by my court appointed attorney were a result of your actions. Included in this material was (3) determinations done per 27 CFR 179.24 regarding "alleged" destructive devices. The copies I have show all three were determined "not" to be destructive devices. There has been a problem encountered i.e. the copies are so dark that duplicates of them do not turn out readable. It would be appreciated very much if those could be resent. Included is a copy of the Evidence Transmittal Form to assist in the aqistion of copies I look forward to your assistance and cooperation.

      A second matter concerns the continual withholding of my firearm purchace records by Assistant U.S. Attorney Margarett E. Pickrig. your help in this matter is also appreciated. Time in this matter is not on my side making promptness essential. Thank you.

Respectfully submitted

Donald G. Jackman, Jr. # 06804068
Federal Correctional Institution Mckean
P.O. Box 8000
Bradford, PA. 16701

cc: file

*Exhibit H*

To: Averill P. Graham                Date: December 30, 2004

Re: Request (F.O.I.A.) 05-351AG 100060 (ref. no.)

Dear: Mr. Graham

    This is in response to tour letter of 12-20-2004 in regards to a request for information under the F.O.I.A.. The information requested does not fall under the classification of information that requires a fee under 28 CFR 16.49 fees. The requested information is exempt per 5 USC § 552a (j) (2) or (k) (2) of this title. This would be correct and applicable being the previous request which resulted in a 5 foot tall stack of documentation and did not require any fee.

    The information requested is only 1 page. The request is only for a copy that can be read and copied. Considering how dark it was it appears that person[s] believed the submitting in that manner would fulfill the obligations of the F.I.O.A. request.

    As stated in the letter this was the fourth request for this information. Your response is conformation of an ongoing problem with lost mail or mail not reaching it's destination, for this I owe you a thank you.

    I do not agree to pay any fee do to it not being required for this particular request. In the event that it may still be charged, I Donald G. Jackman, Jr. request fee waiver based in part on my present pauper status ordered by both the U.S. District Court and the Third Circuit Court of Appeals and 28 CFR 16.49.

    Also attached is a notarized statement to insure that I am who I say I am so this request can be expedited. Your response and cooperation is anticipated. Thank you.

                         Sincerely,

                         Donald G. Jackman, Jr, #06804068
                         Federal Correctional Institution,
                         Mckean
                         P.O.Box 8000
                         Bradford, Pa. 16701

cc:file

*Exhibit H*

I Donald G. Jackman, Jr. state that this is who I am and the information requested is pertaining to on going litigation. That this is a statement to that fact being notarized with seal.


Date: January 4, 2005                    /s/ Donald G. Jackman Jr.

                                         Donald G. Jackman, Jr.


Notary:

My commission expires:

Notarial Seal
Craig E. Engstrom, Notary Public
Lafayette Twp., McKean County
My Commission Expires Apr. 10, 2006
Member, Pennsylvania Association

                                              (Seal)

*Exhibit H*

U.S. Department of Justice

Bureau of Alcohol, Tobacco,
Firearms and Explosives

DEC 2 0 2004        Washington, DC 20226

www.atf.gov

REFER TO:  05-351 AG
100060

Mr. Donald G. Jackman
Reg. #06804-068
Post Office Box 8000
Bradford, Pennsylvania  16701

Dear Mr. Jackman:

This is in response to your Freedom of Information Act (FOIA) request for access to information you believe is maintained by the Bureau of Alcohol, Tobacco, Firearms and Explosives (ATF).  You request records about yourself, and further state that this is your fourth attempt to obtain records under the FOIA, from this Bureau.

 Please provide us with the reference number, which would be at the upper right of the letter.  That will enable us to locate your previous file and proof of identification.

Or provide proof of your identity now; your notarized signature, or self-certification this in you best interest, and we will initiate a search for responsive records immediately.

Be advised according to the Department of Justice FOIA regulations
Title 28 CFR states; by submitting a FOIA request you agree to pay up to $25.00, if the cost exceeds that amount we will request a fee agreement from you, unless you request a fee waiver.

Upon receiving proof of identity, and an agreement to pay we will initiate a search for records relative to you.  Should you have any questions do not hesitate to write again, or call at (202) 927-8480.

Sincerely yours,

Averill P. Graham
Chief, Disclosure Division

Exhibit H

To:Disclosure Division

Re:F.O.I.A. Request, no answer to prior requests

Dear:Disclosure Division Chief                    Date:December 6, 2004

    This is the fourth attempt at aquiring requested information under the Freedom of Information Act,so far all requests have gone unanswerd. This unanswering has been addressed through a U.S.Senator who's inquiry is ongoing. The necessity of the information has prompted yet another attempt at aquiring this information.

    This information was included in my answered F.I.O.A. for discovery reply except it is of such poor quality , the copy being so dark will not allow legible copies to be made from it. This information requested is the three determinations rendered by the Secratary in responce in part to the EVIDENCE TRANSMITTAL FORM attached to this letter. It contains all the information necessary to access the requested information.

    Your assistance and cooperation is anticipated as well as appriciated, thank you for expediting this request.

                              Sincerely

                          *Donald G. Jackman, Jr.*

                          Donald G, Jackman, Jr.#06804068

                          Federal Correctional Institution, Mckean

                          P.O.Box 8000

                          Bradford, Pa. 16701

cc:File

                                                *Exhibit H*

Sent with Evidence transmittal form