IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

Donald G. Jackman, Jr.        )
                              )
              Plaintiff,      )
                              )
     vs.                      )     Civil Action No. 05-1889(HHK)
                              )
                              )
Department of Justice         )
Bureau of Alcohol, Tobacco,   )
Firearms and Explosives       )
                              )
              Defendants.     )
                              )

### RESPONSE TO STATEMENT OF FACTS

1.   The first request for information via the F.O.I.A. concerning the information in question as a whole was sent October 14, 2003. (see Exhibit A). This request was to include all information pertaining to the case docketed under 00-72. The last 8 pages of Exhibit H contains 1 letter dated November 4, 2003, 1 dated september 26, 2004, 1 dated May 24, 2004 and the December 6, 2004 letter spoke about in the statement of facts. The letters show the continued attempts for the requested information or any response to the continued FOIA requests.

2.   In response to #'s 2,3 & 4 the information is a occurred.

3.   In response to #5 the information was testified to as being back dated and is a determination done by a case agent Louis J. Weiers and not done in accordance to 26 USC § 5845(f) & 27 CFR 179.24 by the Secretary of the ATF or his designate. As can be seen by the determination received by Mr. Jackman Dated March 28 2002 (Exhibit E) the response was done through the programs division and not by persons associated with the original investigation. The report describes the function of the device which is for the most part correct except for the portion of it being an explosive bomb. The question remains, how can it be determined to be an explosive bomb without knowing the amount of powder which was never measured or weighed? The information at

(1)

RECEIVED
DEC 2 2 2005
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

best is an assumption to justify the excessive time spent on a device incapable of causing the death and destruction as stated by case agents. This brings up the question where is the surveillance notes which should contain no less than three instances when Mr. Jackman tested devices adjusting to get the proper poof and scattering of bearings to rustle leaves and splash into the water. A new attempt to scare off the geese being the bang from the reports had become innefctive. Also why is Mr. Jackman still alive and communicating this information to the courts if the device was able to kill or mame? Three tests at no more than (3) to (5) feet away should have at least disfigured me if it was as stated a destructive bomb. It cannot be a bomb according to statute and 35 grains or less in a thin wall cardboard tube fall short of 4 ounces as well as the ability to be destructive. Mr. Jackman has established the statement of fact to be physically impossible.

4.   In response to #6 the information sent is not what was requested. It was not the required or too dark copy of information asked for in the FOIA. Nor is this the same document sent in the 3 boxes received from Attorney Grail which contained the too dark copy.

5.   In response to #7 the information was fabricated as well as back dated and was testified to in open court. The determination requested by Mr. Jackman (Exhibit E) clearly states a determination could not be reached without knowing the amount of powder. The documents are not outside the scope of the FOIA request and are a statutory requirement. The statement made is a clear admittance to failing to administer a statute. Another showing of a Kyles ,514 U.S.419 violation relating to exculpatory evidence. The reason to stop covering up names on documents was for comparison reasons, i.e. to compare prior documents to those most recently received.

6.   Mr. Jackman agrees with statements 8 & 9.

7.   The ATF admits to being a regulatory enforcement agency and required by statute as it states to uphold laws. Why the failure to

uphold the determination requirements? In #10 this is another clear showing of the failure to administer a statute while admitting to being required to uphold them.

8.   In response to #11 it has already been established that any privacy issue would be void due to the fact case agents names are already known. The persons (case agents) are also Mr. Jackman's accusers who he has a right to confront according to the U.S. Constitution. It would appear that a irreconcilable indifference of law may exist between the statute and the Constitution. The withholding by the ATF of names in #12 and information to identify them by is also futile. In # 13 if Mr. Jackman were not already in possession of all the names of case agents, by what means could a person acquire the names if said to be a privacy issue and what about the confrontation issue that would be violated by the withholding?

9.   The issue of being a felon in possession was never established in court and is an ongoing matter on a §2255 Petition pending for almost two years now in the U.S. District Court in Pittsburgh, Pa. This is not an accurate or possible statement of fact due to the failure of the AUSA to ever establish prior to or at any time that Mr. Jackman ever had a valid sanction/disability/disenfranchisement imposed on his rights of citizenship. Due to this never being established there has been no proof for the felon in possession charge When 18 USC § 921(a)(20) contains an exception clause and the Constitution fails to grant to congress or the federal government the power to take a citizens citzenship. See <u>Afroyim v. Rusk</u>, 387 U.S. 253 (1967) and <u>Vance v. Terrazas</u>, 444 U.S. 252 (1980) with <u>Kennedy v. Mendoza-Martinez</u>, 372 U.S. 144 (1963) relating to enforcement of civil penalties and due process protections related to imposed sanctions. Also applicable 98 LEd 2d Federal constitutional right to confront witnesses. It is very unlikely that this response in #14 would be very accurate.

10.   In response to #15 Mr. Jackman is of the belief the public would be very interested in how the Department of Justice manipulates evidence to its favor while failing to administer statutes that don't fit into their win at all costs attitude. Even if the information

(3)

had no exculpatory value, the public as a whole would want to know
how their tax dollars are being prent. It would also stand to reason
that the public would also want to know that evidence has been altered,
statutes have not been upheld, and that the government entered into
a deal with a person within the armed forces who was committing acts
against the U.S. in favor of prosecuting a citizen for exercising
his Second Amendment Right. This being your our my right. Withholding
this information is certainly not outweighed by the publics interest.

11.  This search done in #16 may have been done except Mr. Jackman
has no way to verify this claim.

12.  In #17 the same response in 11 would be applicable but probably
the response is false i.e. information on Mr. Jackman was gathered
prior to trial without problem. Why now is that records seem unable
to be accessed? Mr. Jackman is an Honorably discharged veteran would
this be the cause? Would rights being restored thus negating priors
as priors be the reason? What is the reason?

13.  The information requested is under the file number 766050-99-0029
and was required by statute. This response in #18 appears to be a
admittance to failing to administer a statute relating to doing a
proper determination prior to prosecution to insure a crime has been
committed. [26 USC § 5845(f) & 27 CFR § 179.24] Being the too dark
copy exists how can this be a valid response? Is it an admittance
to failing to administer a statute? This Mr. Jackman does not know.

14.  Again we are back in part to the privacy issue that has been
negated by having the case file, and the fact the names of persons
involved are Mr.Jackman's accusers and the U.S. Constitution requires
confrontation. All reasonable information has not been turned over
cause one cannot reasonably expect one to turn over willingly,information
detrimental to the governments case that shows no crime committed,
establishing actual innocence and false imprisonment,some one could
be held accountable for. (#19)

Respectfully submitted,

_____
Donald G. Jackman, Jr. # 06804068
Federal Correctional Institution, Mckean
P.O. Box  8000
Bradford, Pa.  16701

## CERTIFICATE OF SERVICE

This is to certify that the foregoing is true and correct under penalty of prejury and was on this 15th day of December, 2005, served on all parties of record by first class postage addressed as follows:

Respectfully submitted,

*Donald G. Jackman, Jr.*

Donald G. Jackman, Jr. # 06804068
Federal Correctional Institution, Mckean
P.O. Box 8000
Bradford, Pa.  16701

cc: Kenneth L. Wainstein
United States Attorney

: R. Craig Lawrence
Assistant United States Attorney

: Dian M. Sullivan
Assistant United States Attorney
555 4th Street, N.W.
Civil Division
Washington, D.C.  20530

: Clerk's Office
United States District Court
Room 1225
333 Constitution Avenue, N.W.
Washington, D.C. 20001

: File