## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

_____

DONALD G. JACKMAN, JR.                          )
                                                )
                                                )
                    Plaintiff,                  )
                                                )
          v.                                    ) Civil Action No. 05-1889(HHK)
                                                )
DEPARTMENT OF JUSTICE                           )
BUREAU OF ALCOHOL, TOBACCO,                     )
FIREARMS AND EXPLOSIVES                         )
                                                )
                    Defendants.                 )
                                                )
_____        )

## DEFENDANT'S MOTION FOR AN ENLARGEMENT OF TIME TO RESPOND TO PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO DISMISS

The defendant in the above-captioned case hereby moves, pursuant to Rule 6(b)(2) of the Federal Rules of Civil Procedure, for an extension of time, to January 9, 2006 to respond to plaintiff's opposition to defendant's motion to dismiss. Defendant's reply was originally due December 23, 2005.

Rule 6(b)(2) permits a motion made the expiration of the specified period, when the failure to act was the result of excusable neglect. The undersigned counsel missed the current deadline due to her absence from the office over the Christmas holiday. In addition, plaintiff was given additional time until December 30, 2005 to file his opposition, but he filed well in advance of that deadline. Finally, counsel did not receive plaintiff's opposition in their office until December 28, 2005, due to heightened mail security. As a result, counsel was unaware that the deadline to file a reply to plaintiff's opposition had begun to run. The undersigned regrets the

error.

Counsel's error has not, however, caused any delay in the progression of this case. Accordingly, defendant requests that it receive an extension of time to January 9, 2006 to file a reply to plaintiff's opposition to defendant's motion to dismiss.

Any prejudice suffered by plaintiff in granting this motion would be mitigated by the additional protections afforded federal defendants against entry of default judgments. Rule 55(e) of the Federal Rules of Civil Procedures makes clear that a court "shall not enter default judgement against the United States or an officer or any agency thereof unless [the] claimant establishes a right to relief upon evidence satisfactory to the Court." Thomas v. Federal Bureau of Investigation, No. 95-5392, 1996 WL 587646 (D.C. Cir. Sept. 16, 1996). Accordingly, plaintiff would not have been relieved of his burden of proving his right to relief even if defendant was found in default in this case.

Because plaintiff is incarcerated, and is pro se, Local Rule 7(m) does not apply to this motion, and defendant therefore has not obtained his position as to the relief requested.

2

December 28, 2005                    Respectfully submitted,

_____

KENNETH L. WAINSTEIN, D.C. BAR # 451058
United States Attorney


_____

R. CRAIG LAWRENCE, D.C. BAR # 171538
Assistant United States Attorney


_____

DIANE M. SULLIVAN, D.C. Bar #12765
Assistant United States Attorney
555 4th St., N.W.
Washington, D.C. 20530
(202) 514-7204

## <u>CERTIFICATE OF SERVICE</u>

**I HEREBY CERTIFY** that on this ___ day of December, 2005, I caused the foregoing

motion to be served on plaintiff *pro se*, postage prepaid  and addressed as follows:


DONALD G. JACKMAN, JR.
#06804068
Federal Correction Institution,
McKean
P.O. Box 8000
Bradford, PA 165701


_____
Diane Sullivan
Assistant United States Attorney

4