UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____
                              )
DONALD G. JACKMAN, JR.        )
                              )
            Plaintiff,        )
                              )
    v.                        )   Civil Action No. 05-1889(HHK)
                              )
DEPARTMENT OF JUSTICE         )
BUREAU OF ALCOHOL, TOBACCO,   )
FIREARMS AND EXPLOSIVES       )
                              )
            Defendants.       )
                              )
_____)

**REPLY TO PLAINTIFF'S RESPONSE TO
DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

Plaintiff's Opposition to Defendant's Motion for Summary Judgment consists of a collateral attack on his conviction and an attack on the way the "Secretary of ATF" administers 26 U.S.C. § 5845(f) and 27 C.F.R. 179.24.  Plaintiff also complains that ATF withheld the names of case agents. Plaintiff argues that he already knows the identities of the agents and ATF's withholding is indicative of bad faith.  In support of his opposition, plaintiff submits numerous exhibits relating to his correspondence and FOIA requests to other agencies (See Plaintiff's Exhibits A-H).

It has long been established that FOIA applies only to "records." See e.g. N.Y. Times Co v. NASA, 920 F.2d 1002, 1005 (D.C. cir. 1990).  A requestor's access to records is neither decreased or increased because he claims to have particular

interest in the records sought. see NLRB v. Sears, Roebuck and Co., 421 U.S. 132, 143 n.10 (1975); North v. Walsh, 881 F.2d 1088, 1096 (D.C. Cir. 1989)(requestor's need or intended use for the documents is irrelevant).  Similarly, FOIA does not require any agency to answer questions posed, create records, or compel agencies to perform their missions. See Zemansky v. EPA, 767 F.2d 569, 574 (9th Cir. 1985); Poll v. United States Office of Special Counsel, 2000 WL 14422 at 5 n.2)(10th Cir. Jan. 10, 2000); Sorrells v. United States, 1998 WL 58080 at *1 (6th Cir. Feb. 6, 1998); Students Against Genocide v. Dep't of State, 257 F.3d 828, 837 (D.C. Cir . 2001).  Finally, FOIA litigation may not be used as a vehicle to collaterally attack plaintiff's conviction and/or to challenge the credibility of the evidence introduced at his trial.

   Plaintiff's assertion that ATF should not have withheld the names of case agents or ATF personnel because he already knows the names or because, in his unsupported view, they are guilty of fraud or malfeasance is specious at best.  This information was properly withheld by ATF under Exemption b(7)(C). Davis v. Dep't of Justice, 965 F.2d 1276, 1281 (D.C. Cir. 1992); see also Jones v. FBI, 41 F.3d 238, 247 (6th Cir. 1994) (court rejected argument that agents waived 7(C) protection by testifying at plaintiff's habeas proceeding).  The fact that the plaintiff might be able to ascertain the individuals identities through other means, or that

identities have been disclosed elsewhere does not diminish those individuals privacy interests. Fitzgibbon v. CIA, 911 F.2d 755, 767-68 (D.C. Cir. 1990); Weisberg v. Dep't of Justice, 745 F.2d 1476, 1491 (D.C. Cir. 1984).

Moreover, plaintiff has utterly failed to demonstrate, not only the existence of a public interest, but also that the public interest is both significant and compelling. Senate of Puerto Rico v. U.S. Department of Justice, 823 F.2d 374, 588 (D.C. cir. 1987); see also Ogaju v, United States, 288 F.3d 448, 450 (D.C. Cir. 2002) (plaintiff's personal stake in using the requested information does not impact the calculation of the public interest).  Plaintiff's bald generalized unsupported assertions of prosecutorial misconduct and agency malfeasance are insufficient to establish a public interest in disclosure of the names under Exemption b(7)(C). Ogaju at 288 F.3d 451 (bald accusation of prosecutorial misconduct are insufficient to invoke public interest); National Archives and Records Adm. v. Favish, 541 U.S. 157, 165-167 (2004)(suspicion of governmental misconduct insufficient.  Requestor must produce evidence that would be credible in the eyes of a reasonable person).

Plaintiff has produced no objective evidence that ATF improperly withheld documents.  Plaintiff may not rebut the agency's declaration with purely speculative allegations that the

3

document produced was fraudulent.[1] See Carney v. U.S. Department of Justice, 19 F.3d 807, 813 (2nd Cir. 1994).

For the foregoing reasons and those set forth in defendant's motion for summary judgment, summary judgment should be entered in favor of the defendant ATF.

                              Respectfully submitted,

                              _____
                              KENNETH L. WAINSTEIN, D.C. BAR # 451058
                              United States Attorney

                              _____
                              R. CRAIG LAWRENCE, D.C. BAR # 171538
                              Assistant United States Attorney

                              _____
                              DIANE M. SULLIVAN, D.C. Bar #12765
                              Assistant United States Attorney
                              555 4th St., N.W.
                              Washington, D.C. 20530
                              (202) 514-7204

---

[1] A careful reading of plaintiff's arguments over the "laboratory report" suggests that he claims that the evidence was insufficient to sustain his conviction.  Again, this is an issue to be raised with the trial judge or on an appeal of his conviction.

**CERTIFICATE OF SERVICE**

    **I HEREBY CERTIFY** that on this ___ day of January, 2006, I caused the foregoing to be served by First-Class mail, postage prepaid as follows:

```
DONALD G. JACKMAN, JR.
#06804068
Federal Correction Institution,
McKean
P.O. Box 8000
Bradford, PA 165701
```

```
_____
DIANE M. SULLIVAN
Assistant United States Attorney
555 4th St., N.W.
Washington, D.C. 20530
(202) 514-7204
```