UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF COLUMBIA

Donald G. Jackman, Jr.          )
        Plaintiff,              )
                                )
    vs.                     )          Civil Action No. 05-1889(HHK)
                                )
                                )
Department of Justice           )
BATF&E                          )
        Defendants.             )

## COUNTERCLAIM AND MOTION IN
## OPPOSITION TO EXTENSION OF TIME

      The Plaintiff in the above captioned case under Federal Rules of Civil Procedure Rule 7(a) hereby files this counter claim before this Honorable Court, respectfully moves this court to deny the Defendants Notice of Errata and Motion for Enlargement of Time to respond to plaintiff's Opposition to Defendants Motion to Dismiss. The reasons to deny are as follows:

1.    Websters Third New International Dictionary defines; Excusable Neglect n; Law: neglect for which there is a reasonable excuse. Taking a vacation when there is work to be done is not excusable neglect, it is negligence. Mr. Jackman cannot take a vacation from imprisonment and has been waiting over three years for documentation legally requested while being illegally withheld. The granting of an extension of time will seriously add to the "wait" of his illegal prison confinement while being a valid showing of prejudice.

2.    The notice of Errata is to correct "incorrect" information i.e. it appears false information (making a false declaration) has "knowingly" been entered into the record by the defendants. It further appears to have been done intentionally to gain tactical advantage and have the appearance nothing wrong had transpired. Further proof of this can be found in the certificate of services lacking the sworn to declarations required by 28 USC § 1746.

(1)

3.  That the only viable reason for the motions requested by the defendant's is due to receiving plaintiff's responses containing documentation revealing information in defendants original response to be incorrect (false, fraud upon the court). Establishing Plaintiff Jackman being entitled to the relief he requests. The Notice of Errata is further flawed by its reliance on futile security issues related to the mail. The necessity to irradiate mail under the guise of National Security would be a valid claim if the terrorist threat were valid and not created. Letting the world know you lock-up all your citizens for firearm possession tells any actual enemy of this country come on in, resistance is down the people cannot defend themselves. They can no longer exercise their Second Amendment Right, the country is "ripe" for plundering. Common sense will tell you this is not a valid or realistic reason for delay or negligence of duty.

4.  The documentation submitted by Mr. Jackman clearly shows the 20 day time periods for responding to FOIA requests long since were expired. The Exhibits previously submitted show clear and ongoing failure to respond and supply information requested in a timely manner or at all. Plaintiff has further made a clear and convincing showing, that establishes his burden to his right to relief. The cited case of <u>Thomas v. Federal Bureau of Investigation</u>, (cite omitted) is not precedent case law but non binding unpublished opinion.

5.  That plaintiff has previously presented to the court and all parties documentation establishing several facts. This and other relevant information follows:

a.  That requests for a ATF Determination per 26 USC § 5845(f) and 27 CFR § 179.24 was submitted by the AUSA/FBI and Mr. Jackman seperately. Mr. Jackman's response is contained in the Exhibits while a copy of the governments response was copied too dark for use by Mr. Jackman. Both determinations came to the same conclusion as the device submitted not being a destructive devise that would require registration. The latter being of main concern in the FOIA request. Information submitted by case agents deeming it a bomb was to justify their actions against plaintiff

(2)

b.   Without the need to register the alleged destructive devise, Plaintiff can show Actual, Factual, and Statutorial Innocence as being validly established. Furthermore this has also made a valid showing of the failure by the government to administer a statute and regulation 26 USC § 5845(f) and 27 CFR § 179.24 (respectively). Further evident are the criminal acts on the part of the government are the withholding of documentation reaching almost 6 years since arrest and prosecution clearly showing the ongoing nature of the governments action. This being clearly exculpatory evidence.

c.   That issues not involving the FOIA requests now before the court being relevant to valid and proper adjudication concerns "invalid sanctions. This being the imposition of sanctions upon Mr. Jackman's core Rights of firearm possession, right to sit on a jury, hold public office, and to vote which were imposed by the State of North Carolina. The predicate offense which imposed the sanctions was used for the invalid felon in possession charge. The importance being the sanction/disability/disenfranchisement/expatriating act imposed by the State of N.C. was done outside its authority and not by a process affording due process protections. This matter not before this court for review in present proceedings, except is of great importance all the same as it relates to innocence.

To help guide this Honorable Court thru this information and its necessity the following U.S. Supreme Court cases on these exact issues are presented. In Afroyim v. Rusk, 387 U.S. 253 (1967) held 14th Amendment prevents Congress from taking away citizenship without citizens assent; in Vance v. Terrazas, 444 U.S. 252 (1980) holding to Afroyim held government required to prove intent to surrender U.S. citizenship... Then in Kennedy v. Mendosa-Martinez, 372 U.S. (1963) require due process protections see in particular holdings 16, 17, & 21 for standards required for citizenship loss which are non-existent in Mr. Jackman's case. See Caron v. U.S., 524 U.S. 308 (1998) for what are core rights. All the foregoing cases still precedent on the matters in question. They conclusively show the failure of government to establish a valid loss of citizenship prior to prosecuting Mr. Jackman.

(3)

## CONCLUSION

In conclusion Mr. Jackman moves this Honorable Court To **DENY** the AUSA's Motions for Errata and Enlargement of Time. That the information requested be ordered and forthcoming from the government agencies it was requested from for immediate use in pending ongoing post-conviction proceeding. Thank you.

    Respectfully submitted,

    _____
    Donald G. Jackman, Jr.

## CERTIFICATE OF SERVICE

    This is to certify that the foregoing is true and correct to the best of my ability and knowledge under penalty of perjury. That same was sent postage prepaid to the parties listed below on this 5th day of January, 2006, depositing same in the U.S. Postal Service Mail Box located at Mckean FCI addressed as follows:

                                  Respectfully submitted,

                                  Donald G. Jackman, Jr. # 06804068
                                Federal Correctional Institution, Mckean
                                P.O. Box 8000
                                Bradford, Pa. 16701

cc: Clerk's Office
    United states District Court
    Room 1225
    333 Constitution Avenue, N.W.
    Washington, D.C. 20001

: Diane M. Sullivan
    Assistant U.S. Attorney
    555 4th Street, N.W.
    Washington, D.C. 20530

: File