UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

```
DONALD G. JACKMAN, JR.,

            Plaintiff,

       v.                                      Civil Action 05-1889  (HHK)

DEPARTMENT OF JUSTICE,

            Defendant.
```

MEMORANDUM OPINION

In this action, plaintiff challenges the response of the Bureau of Alcohol, Tobacco, Firearms and Explosives ("ATFE") to his request for records pursuant to the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552.  Presently, before the Court is ATFE's motion for summary judgment, which plaintiff has opposed.  Upon consideration of the parties' submissions and the entire record, the Court will grant ATFE's motion and dismiss the case.

I.  BACKGROUND

By letter dated December 6, 2004, plaintiff requested from ATFE a legible copy of "the three determinations rendered by the Secratary [sic] in responce [sic] in part to the EVIDENCE TRANSMITTAL FORM attached to this letter."  Def.'s Mtn., Declaration of Peter J. Chisholm ("Chisholm Decl."), Ex. A.  By letter dated January 28, 2005, ATFE released the responsive record with third-party names and other identifying information redacted.  The Office of Information and Privacy affirmed the agency's initial determination by letter dated April 18, 2005.  Plaintiff initiated this action on September 23, 2005.[1]

---

[1] In his Response to Motion for Summary Judgment ("Pl.'s Opp.")[Dkt. No. 15], plaintiff refers to FOIA requests that are not subjects of this action.  *See id*. at 1; Exs. A, G, H. This action arises solely from plaintiff's FOIA request to the Bureau of Alcohol, Tobacco, Firearms and Explosives, *see* Complaint at 1, which is one of many components of the Department of Justice.  The treatment of plaintiff's FOIA requests made to other DOJ components or offices is not before this Court for review.

## II. DISCUSSION

Summary judgment is appropriate when there is "no genuine issue as to any material fact and [] the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). In a FOIA action, the Court may award summary judgment solely on the information provided in affidavits or declarations that describe "the justifications for nondisclosure with reasonably specific detail, demonstrate that the information withheld logically falls within the claimed exemption, and are not controverted by either contrary evidence in the record nor by evidence of agency bad faith." *Military Audit Project v. Casey*, 656 F.2d 724, 738 (D.C. Cir. 1981); *see also Vaughn v. Rosen*, 484 F.2d 820, 826 (D.C. Cir. 1973), *cert. denied*, 415 U.S. 977 (1974).

Defendant redacted the names and other identifying information of federal law enforcement agents and other such personnel under FOIA Exemption 7(C). Chisholm Decl. ¶¶ 15, 20. FOIA Exemption 7 protects from disclosure "investigatory records compiled for law enforcement purposes, but only to the extent that the production of such records" would cause one of six enumerated harms. 5 U.S.C. § 552(b)(7)(A)-(F). The responsive records were "compiled in connection with an investigation into violations of various crimes, including the possession of a firearm by a convicted felon." Chisholm Decl. ¶ 17. The threshold law enforcement requirement therefore is satisfied. *See Quinon v. FBI*, 86 F.3d 1222, 1228 (D.C. Cir. 1996) (citations omitted).

Exemption 7(C) protects from mandatory disclosure records compiled for law enforcement purposes to the extent that disclosure "could reasonably be expected to constitute an unwarranted invasion of personal privacy." 5 U.S.C. § 552(b)(7)(C). In determining whether this exemption applies to particular material, the Court must weigh the strong privacy interest of the individual mentioned in the record against the public interest in disclosure. *Beck v. Department of Justice*, 997 F.2d 1489, 1491 (D.C. Cir. 1993); *Stern v. FBI*, 737 F.2d 84, 91 (D.C. Cir. 1984). "[T]he only public interest relevant for purposes of Exemption 7(C) is one that

focuses on 'the citizens' right to be informed about what their government is up to." *Davis v. U.S. Department of Justice*, 968 F.2d 1276, 1282 (D.C. Cir. 1992) (quoting *Department of Justice v. Reporters Comm. for Freedom of the Press*, 489 U.S. 779, 773 (1989)).

Information that identifies third parties in law enforcement records is categorically exempt from disclosure absent the requester's showing of an overriding public interest. *Nation Magazine v. United States Customs Serv.*, 71 F.3d 885, 896 (D.C. Cir. 1995)(citing cases); accord *Mays v. Drug Enforcement Administration*, 234 F.3d 1324, 1327 (D.C. Cir. 2000). The privacy interests of third parties mentioned in law enforcement files are "substantial," while "[t]he public interest in disclosure of [third-party identities] is not just less substantial, it is insubstantial." *SafeCard Services, Inc. v. SEC*, 926 F.2d 1197, 1205 (D.C. Cir. 1991). "Where the privacy concerns addressed by Exemption 7(C) are present, . . . [the requester] must show that the public interest sought to be advanced is a significant one, an interest more specific than having the information for its own sake [and that] . . . the information is likely to advance that interest." *National Archives and Records Administration v. Favish*, 541 U.S. 157, 172 (2004).

Defendant determined that plaintiff had asserted no "discernible public interest" in disclosing the redacted material. Chisholm Decl. ¶ 21. Plaintiff counters that disclosure is required because the names of "case agents are already known," Pl.'s Response to Statement of Facts ¶ 8, presumably through plaintiff's possession of "copies of the original [criminal] case file." Pl.'s Opp. at 3. The disclosure of third-party identities "elsewhere [does not] cause[] [one's] substantial privacy interests under exemption 7(C) to be diminished." *Fitzgibbon v. CIA*, 911 F.2d 755, 768 (D.C. Cir. 1990). Plaintiff has provided no evidence of a third-party waiver or an overriding public interest in the disclosure of the otherwise exempt information. *See id.* (finding "no reasonably conceivable way in which the release of the one individual's name . . .

would allow citizens to know 'what their government is up to'") (citation omitted). Defendant therefore is entitled to judgment as a matter of law on its application of Exemption 7(C) to the redacted material.

Plaintiff also challenges the authenticity of the released records and the findings contained therein. *See* Pl.'s Opp. at 2-5; Chisholm Decl., Ex. E. The Court's jurisdiction under the FOIA is limited to "enjoin[ing] the agency from withholding agency records and to order[ing] the production of any agency records improperly withheld from the complainant." 5 U.S.C. § 552(a)(4)(B); *see McGehee v. CIA*, 697 F.2d 1095, 1105 (D.C. Cir. 1983) ("federal jurisdiction is dependent upon a showing that an agency has (1) improperly; (2) withheld; (3) agency records")(internal citations and quotation marks omitted). Because the FOIA is "designed to create a broad right of access to 'official information,'" neither the identity of the requester nor the purpose for the request is relevant to FOIA determinations as a general rule. *U.S. Dept. of Justice v. Reporters Committee For Freedom of Press,* 489 U.S. 749, 772 (1989) (quoting *EPA v. Mink*, 410 U.S. 73, 80 (1973)). Plaintiff's questions about the authenticity and correctness of the released records are beyond the scope of the Court's FOIA jurisdiction.[2]

To the extent that plaintiff may be challenging defendant's search for records, the inadequacy of which could constitute an improper withholding, *see Maydak v. U.S. Dept. of Justice*, 254 F. Supp.2d 23, 44 (D.D.C. 2003), the Court's review is based on principles of reasonableness. *International Trade Overseas, Inc. v. Agency for International Development*, 688 F. Supp. 33, 36 (D.D.C. 1988) (citing *Weisberg v. United States Department of Justice*, 745 F.2d 1476, 1485 (D.C. Cir. 1984)). An agency is required "to make a good faith effort to conduct

---

[2] In any event, in response to plaintiff's questions concerning the document's authenticity, Def.'s Ex. E, defendant contacted ATF's Pittsburgh Field Division and verified with "[a] Special Agent familiar with the criminal investigation into Mr. Jackman" that "the document sent to [plaintiff] was complete and true." *Id*. ¶ 8.

a search for the requested records, using methods which can reasonably be expected to produce the information requested." *Id.* (*quoting Marrera v. United States Department of Justice*, 622 F. Supp. 51, 54 (D.D.C. 1985)). Because the agency is the possessor of the records and is responsible for conducting the search, the Court may rely on "[a] reasonably detailed affidavit, setting forth the search terms and the type of search performed, and averring that all files likely to contain responsive materials (if such records exist) were searched." *Valencia-Lucena v. U.S. Coast Guard*, 180 F.3d 321, 326 (D.C. Cir. 1999) (citing *Oglesby v. United States Department of the Army*, 920 F.2d 57, 68 (D.C. Cir. 1990); *Kowalczyk v. Department of Justice*, 73 F.3d 386, 388 (D.C. Cir. 1996); *Weisberg v. Department of Justice*, 705 F.2d 1344, 1351 (D.C. Cir. 1983)). The Court is satisfied from the description of the search, *see* Chisholm Decl.¶¶ 22-23, that ATFE conducted a search reasonably calculated to locate responsive records.

### III. CONCLUSION

For the preceding reasons, the Court finds no triable issue presented on defendant's processing of plaintiff's FOIA request. The record establishes that defendant satisfied its statutory obligation to produce all non-exempt responsive material. Defendant therefore is entitled to judgment as a matter of law. A separate Order accompanies this Memorandum Opinion.

_____s/_____
Henry H. Kennedy, Jr.
United States District Judge

Date: September 11, 2006